AND JUDGMENT ENTERED UPON OR AGAINST THE DEFENDANT IS THEREFORE VOID.

30. PLAINTIFF STATES, THAT A COURT IS WITHOUT JURISDICTION TO HEAR THE PROSECUTION OF AN ACTION COVERED BY T.C.A. § 40-2-102, WHEN THE AFFIDAVIT CHARGING THE OFFENSE SHOWS ON ITS FACE THAT THE STATUTE OF LIMITATIONS HAS RUN.

31. PLAINTIFF STATES, THAT T.C.A. 40-2-102 MAY BE ASSERTED AS A DEFENSE TO A CRIMINAL PROSECUTION FOR THE FIRST TIME AFTER A TRIAL AND CONVICTION OF A DEFENDANT. THE NATURE OF STATUTES OF LIMITATIONS PERTAINING TO CRIMINAL PROSECUTIONS IS QUITE DIFFERENT. IT IS UNIVERSALLY HELD THAT SUCH STATUTES CANNOT BE WAIVED BY FAILURE TO ASSERT THEM, BUT MAY BE RAISED ANY TIME, BEFORE OR AFTER CONVICTION.

32. PLAINTIFF STATES, THAT STATUTE OF LIMITATIONS IN CIVIL CASE IS AFFIRMATIVE DEFENSE WHICH IS DEEMED WAIVED IF NOT TIMELY ASSERTED, BUT STATUTE OF LIMITATIONS PERTAINING TO CRIMINAL PROSECUTION IS JURISDICTIONAL AND CANNOT BE WAIVED BY FAILURE TO ASSERT IT, BUT MAY BE RAISED AT ANY TIME, BEFORE OR AFTER CONVICTION. SEE ALSO CRIMINAL LAW----NATURE AND SCOPE OF LIMITATIONS.

33. PLAINTIFF STATES, THAT THERE WAS NO CHARGING DOCUMENT WHICH INCLUDES THE COMPLAINT, ARREST WARRANT, INDICTMENT, AND INFORMATION, THAT WAS "FILED" IN ANY ARTICLE III, § 1 COURT OR JUDGE, NOR WAS THERE ANY SUCH DOCUMENTS FILED, MADE UPON AN "OATH," OR PENALTY OF PERJURY, AND UPON WHICH SUCH FELONY CHARGES, OR FEDERAL OFFENSES WERE CHARGED, RENDERED AND "LODGED" BY THE STATE GOVERNMENT COUNTY-COURTHOUSE ADMINISTRATION HEAD AND JURISDICTION. THE STATE GOVERNMENT COUNTY-COURTHOUSE HEAD AND JURISDICTION OF RUTHERFORD COUNTY, MURFREESBORO TENNESSEE, AND THE TENNESSEE DEPARTMENT OF CORRECTIONS HAD KNOWINGLY AND WILLFULLY "FIXED AND FALSIFIED" ALL PUBLIC RECORDS FROM FELONY COMPLAINT TO FELONY IMPRISONMENT, AND THEN HID BEHIND THE LAWS THAT THEY HAD PROSECUTED. IT IS ALSO NOTED THAT "FALSIFYING PUBLIC RECORDS" HAS NO STATUTE OF LIMITATION.

PLAINTIFF STATES, THAT IN THE CRIMINAL MATTER, HAD AND COMPLETED, THAT HE HAD BEEN PROSECUTED AND SENTENCED UNDER THE UNITED STATES SENTENCING GUIDELINE TABLE OR FEDERAL SENTENCING GUIDELINE GRID, BY A "NON-PUBLIC PROSECUTING ATTORNEY" ONE JOHN C. ZIMMERMENN BPR#009723 AND BY A NON ARTICLE III DISTRICT COURT JUDGE AND NON APPOINTED UNITED STATES MAGISTRATE JUDGE, ONE ROYCE TAYLOR BPR#003238, AND PURSUANT TO THE AUTHORITY OF (TITLE 18 U.S.C.A. § 3559). A SENTENCE AND JUDGMENT OF ___40___ YEARS AT THE FIRST FELONY PRE-

TRIAL HAD AND COMPLETED BY SUCH STATE GOVERNMENT JURISDICTION, AND

WHILE THE ACCUSED HAD REMAINED IN THE CUSTODY AND DETENTION OF

SUCH ORGANIZATION FOR MORE THAN ___7___ YEARS FROM THE DATE OF

ARREST LODGED ON THE 15TH DAY OF JANUARY, 2015.

IT IS THAT IN THIS CONNECTION AND UPON THIS GROUND OR STATUTE, THAT

ONE ROYCE TAYLOR BPR#003238 HAD KNOWINGLY AND WILLFULLY EXCEEDED

HIS AUTHORITY AND JURISDICTION IN THAT HE WAS NOT A UNITED STATES

CONSTITUTION ARTICLE III § 1 DISTRICT COURT JUDGE, NOR AN APPOINTED

UNITED STATES MAGISTRATE JUDGE. ONE ROYCE TAYLOR BPR#003238, HAD NO

AUTHORITY OR JURISDICTION TO IMPOSE A SENTENCE AND JUDGMENT OF

___40___ YEARS AT THE FIRST FELONY PRE-TRIAL HAD AND COMPLETED BY

LAW. AND IN THIS CONNECTION AND UPON THIS STATUTE SUCH JUDGE HAD

CLEARLY VIOLATED HIS OATH OF OFFICE.

34. PLAINTIFF STATES, THAT HE HAD BEEN "PROSECUTED" UPON ___1___

CLASS A FELONIES, ___15___ CLASS B FELONIES, ___1___ CLASS C FELONIES,

___1___ CLASS D FELONIES, ___0___ CLASS E FELONIES, ___0___ CLASS A

MISDEMEANORS, ___0___ CLASS B MISDEMEANORS, AND ___0___ CLASS C

MISDEMEANORS, AND PURSUANT TO THE AUTHORITY OF (TITLE 18 U.S.C.A. §

3559); AND UPON THE AUTHORITY OF A "NON-PUBLIC PROSECUTING ATTORNEY"

ONE JOHN C. ZIMMERMANN BPR#009723, AND AIDED BY A "NON ARTICLE III, § 1

COURT OR JUDGE, ONE ROYCE TAYLOR BPR#003238, AND ALSO IN A STATE

GOVERNMENT COUNTY COURTHOUSE CRIMINAL COURTROOM AND JURISDICTION, AS OPPOSED TO A UNITED STATES DISTRICT COURT AND THE DUE ADMINISTRATION OF JUSTICE.

IT IS ALSO NOTED, THAT BASED UPON THE NUMBER OF FELONIES AND CONVICTIONS WHICH WERE CHARGED, RENDERED AND "LODGED", THAT SUCH TOTAL NUMBER OF FELONY CHARGES AND FELONY CONVICTIONS CLEARLY CONSTITUTED A CAPITAL OR OTHERWISE "INFAMOUS CRIME", UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION. AND HERE IS WHERE THE PLAINTIFF WILL DRAW THE LINE BETWEEN JUSTICE AND INJUSTICE.

35. PLAINTIFF STATES, THAT THE FIFTH AMENDMENT REQUIRES THE FEDERAL GOVERNMENT TO INITIATE PROSECUTIONS OF CAPITAL OR OTHERWISE "INFAMOUS CRIMES" BY INDICTMENT, UNLESS THE DEFENDANT WAIVES THIS RIGHT. PLAINTIFF STATES, THAT IT IS THE FEDERAL GOVERNMENT NOT THE STATE GOVERNMENT THAT PAYS FOR THE HEALTH AND WELFARE OF ALL PERSONS WHOA RE CHARGED WITH A FELONY OR CLASS A MISDEMEANOR, (TITLE 18 U.S.C.A. § 3006A(a)(1)(A)). A WAIVER IS ONLY VALID IF MADE IN OPEN COURT AFTER THE DEFENDANT HAS BEEN ADVISED OF THE PENDING CHARGE AND RELEVANT CONSTITUTIONAL RIGHTS. WAVER NEED NOT BE EXPLICIT BUT MAY BE INFERRED FROM THE CIRCUMSTANCES, INCLUDING SOME FORMS OF GUILTY PLEAS. THE INDICTMENT REQUIREMENT DOES TO APPLY TO STATE PROSECUTIONS.

36. PLAINTIFF STATES, THAT IN THE PARTICULAR FELONY CRIMINAL MATTER COMPLETED BY LAW, THE ACCUSED HAD NEVER WAIVED ANY ONE OF HIS FEDERALLY PROTECTED CONSTITUTIONAL RIGHTS, IN ANY COURT WHETHER STATE OR FEDERAL.

37. PLAINTIFF STATES, THAT THE REQUIREMENT OF CRIMINAL RULES THAT EVERY INDICTMENT MUST BE FOUND BY AT LEAST 12 GRAND JURORS IS A FURTHER SPECIFICATION OF THE FIFTH AMENDMENTS COMMAND THAT NO PERSON SHALL BE HELD TO ANSWER FOR CAPITAL, OR OTHERWISE INFAMOUS CRIME, UNLESS ON PRESENTMENT OR INDICTMENT OF A GRAND JURY. FED. RULES CRIM. PROC. RULES 6, 6(c, f), 12 (b) (2, 3), 18 U.S.C.A.; U.S.C.A. CONST. AMEND. 5.

38. PLAINTIFF STATES, THAT THERE WAS NO VALID, OR LAWFUL, OR "LEGAL" FELONY INDICTMENT FOUND BY AT LEAST 12 JURORS IN VIOLATION OF THE ACCUSED FIFTH AMENDMENT RIGHT, WHICH COMMANDS THAT NO PERSON SHALL BE HELD TO ANSWER FOR CAPITAL, OR OTHERWISE INFAMOUS CRIMES, UNLESS ON PRESENTMENT OR INDICTMENT OF A GRAND JURY. AND THAT SUCH CONSTITUTIONAL VIOLATION ALSO VIOLATES THE FED. RULES. CRIM. PROC. RULES 6, 6 (c, f), 12 (b) (2, 3), 18 U.S.C.A; U.S.C.A. CONST. AMEND. 5. UPON THE TRIAL AND TITLE AND CAUSE OF ACTION, THE PLAINTIFF WILL BE ABLE TO

PRODUCE THE CONTENTS OR EVIDENCE OF A FRAUDULENT FELONY INDICTMENT, AND UPON WHICH THE ACCUSED HAD BEEN CONVICTED.

39. PLAINTIFF STATES, THAT THE STATES HAS SEEN FIT TO DEPRIVE ITSELF OF THE RIGHT TO PROSECUTE IN ALL CASES COMING WITHIN THE TERMS OF THE STATUTE, AND THAT THE TIME WITHIN WHICH AN OFFENSE IS COMMITTEE THUS BECOMES A JURISDICTIONAL FACT IN ALL CASES SUBJECT TO LIMITATION.

40. PLAINTIFF STATES, THAT THE STATE GOVERNMENT COUNTY-COURTHOUSE ADMINISTRATION HEAD AND JURISDICTION, WILL NOT BE ALE TO CERTIFY UP-TO THIS COURT, ALL CERTIFIED COPIES OF PUBLIC RECORDS OR OFFICIAL RECORDS THAT WERE MADE FROM FELONY COMPLAINT TO FELONY IMPRISONMENT UPON THE ACCUSED, AND NOR WILL SUCH ORGANIZATION BE WILLING TO DO SO.

41. PLAINTIFF STATES, THAT THE RUTHERFORD COUNTY CRIMINAL COURT OF MURFREESBORO TENNESSEE, HAD NO JURISDICTION TO HEAR THIS ACTION FOR THE REASON THAT THE INFORMATION SHOWS UPON ITS FACE THAT IT WAS NOT FILED WITHIN A PERIOD OF ONE YEAR FROM THE ALLEGED OCCURRENCE OF THE ALLEGED ACT OR CRIME, AND THAT THE INFORMATION IS SUFFICIENT UPON ITS FACE IN THAT IT DOES NOT ALLEGE THAT AY COMPLAINT WAS FILED WITHIN ONE YEAR.

## "[FOURTH AMENDMENT --- PROBABLE CAUSE DETERMINATIONS FOR CRIMINAL DEFENDANTS (48) HOUR RULE]"

1. A PERSON ARRESTED WITHOUT A WARRANT IS CONSTITUTIONALLY ENTITLED TO A "PROBABLE CAUSE" DETERMINATION WITHIN AT MOST FORTY EIGHT (48) HOURS. STATE LAW REQUIRES THAT SUCH A DETERMINATION BE AFFORDED "WITHOUT UNNECESSARY DELAY."

2. THE "FOURTH AMENDMENT" REQUIRES A JUDICIAL DETERMINATION OF PROBABLE CAUSE AS A PREREQUISITE TO DETENTION.

3. IT IS AT THE INITIAL APPEARANCE PROCEEDING PRESCRIBED BY RULE 5 THAT A PERSON ARRESTED WITHOUT A WARRANT IS AFFORDED A PROBABLE CAUSE DETERMINATION. THE JUDICIAL OFFICER WHO CONDUCTS THE INITIAL APPEARANCE PROCEEDING IS CALLED A MAGISTRATE IN RULE 5. TENNESSEE CODE ANNOTATED §§ 40-1-106 AND 40-5-102 DEFINE "MAGISTRATE." <u>NOTARIES PUBLIC ARE NOT INCLUDED.</u>

FURTHERMORE, WHAT IS CONSTITUTIONALLY REQUIRED AS A PREREQUISITE TO EXTENDED RESTRAINT OF LIBERTY FOLLOWING ARREST IS A JUDICIAL DETERMINATION OF PROBABLE CAUSE. GERSTEIN V. PUGH, 420 U.S. 103, 114, 95 S. CT. 854, 863, 43 L.ED. 2D 54 (1975).

4. "A WARRANT OF ARREST IS AN ORDER, IN WRITING, STATING THE SUBSTANCE OF THE COMPLAINT, DIRECTED TO A PROPER OFFICER, SIGNED BY A MAGISTRATE, AND COMMANDING THE ARREST OF THE DEFENDANT."

5. FOR THE APPREHENSION OF PERSONS CHARGED WITH PUBLIC OFFENSES, MAGISTRATES ARE AUTHORIZED WITHIN THEIR JURISDICTION, TO ISSUE WARRANTS OF ARREST, UNDER THE RULES AND REGULATIONS PRESCRIBED IN THIS PART. T.C.A. § 40-6-202 MAGISTRATES; POWERS AND DUTIES.

6. T.C.A. § 40-6-203. INFORMANTS; EXAMINATION "(a) UPON INFORMATION MADE TO ANY MAGISTRATE OF THE COMMISSION OF A PUBLIC OFFENSE, THE MAGISTRATE SHALL EXAMINE, ON OATH, THE AFFIANT OR AFFIANTS, REDUCE THE EXAMINATION TO WRITING, AND CAUSE THE EXAMINATION TO BE SIGNED BY THE PERSON MAKING IT.

(b)(1) THE EXAMINATION OF THE AFFIANT OR AFFIANTS BY THE MAGISTRATE OR LAWFULLY AUTHORIZED COURT CLERK DOES NOT HAVE TO TAKE PLACE IN A FACE TO FACE MEETING OF THE PARTIES BUT MAY BE CONDUCTED THROUGH THE USE OF ELECTRONIC AUDIO-VISUAL EQUIPMENT WHICH ALLOWS THE AFFIANT AND THE EXAMINING TO BOTH VIEW AND HEAR EACH OTHER SIMULTANEOUSLY.

(2) PRIOR TO THE EXAMINATION, AN AFFIANT SHALL PREPARE AN AFFIDAVIT OF COMPLAINT IN CONFORMANCE WITH § 40-6-204 AND RULE 3 OF THE TENNESSEE RULES OF CRIMINAL PROCEDURE AND "SHALL" ELECTRONICALLY TRANSMIT A FACSIMILE COPY OF THAT AFFIDAVIT TO THE EXAMINING OFFICIAL. AFTER THE RECEIPT OF A LEGIBLE FACSIMILE COPY OF THE AFFIDAVIT OF COMPLAINT, THE EXAMINING OFFICIAL PROCEEDS WITH THE EXAMINATION UPON TAKING THE (OATH) OF THE AFFIANT. UPON THE DETERMINATION BY THE EXAMINING OFFICIAL THAT THE TRANSMITTED FACSIMILE COPY IS A TRUE COPY OF THE AFFIDAVIT OF COMPLAINT OF AN AFFIANT, THE COPY SHALL HAVE THE SAME LEGAL EFFECT AS THE ORIGINAL AFFIDAVIT OF COMPLAINT EXECUTED BY AN AFFIANT."

7. <u>T.C.A. § 40-6-204 INFORMANTS; EXAMINATION; CONTENTS</u>.

(a) THE WRITTEN EXAMINATION SHALL SET FORTH THE FACTS STATED BY THE AFFIANT OR AFFIANTS THAT ESTABLISH THAT THERE IS PROBABLE CAUSE TO BELIEVE AN OFFENSE HAS BEEN COMMITTED AND THAT THE DEFENDANT COMMITTED IT.

(b) THE AFFIDAVIT OF COMPLAINT MUST CONTAIN INSTRUCTIONS INFORMING THE DEFENDANT THAT IF THE DEFENDANT CHARGE IS DISMISSED, A NO TRUE BILL IS RETURNED BY A GRAND JURY, THE DEFENDANT IS ARRESTED AND RELEASED WITHOUT BEING CHARGED WITH AN OFFENSE, OR THE COURT

ENTERS A NOLLE PROSEQUI IN THE DEFENDANTS' CASE, THE DEFENDANT IS ENTITLED, UPON PETITION BY THE DEFENDANT TO THE COURT HAVING JURISDICTION OVER THE ACTION, TO THE RENEWAL AND DESTRUCTION OF ALL PUBLIC RECORDS RELATING TO THE CASE WITHOUT COST TO THE DEFENDANT.

IN COUNTY OF RIVERSIDE V. MCLAUGHLIN, 500 U.S. 44, III S. CT. 1661, 114 L.ED. 2D 49 (199), "THE SUPREME COURT OF THE UNITED STATES HELD THAT FOR PERSONS ARRESTED WITHOUT A WARRANT A PROBABLE CAUSE DETERMINATION MUST BE MADE AS SOON AS IS REASONABLY FEASIBLE, BUT IN NO EVENT LATER THAN FORTY-EIGHT (48) HOURS AFTER ARREST. III S.CT. AT 1670." THE COURT NOTED THAT IN A PARTICULAR CASE A DELAY OF LESS THAN FORTY-EIGHT (48) HOURS MIGHT BE TOO LONG IF THE DEFENDANT CAN SHOW THAT THE PROBABLE CAUSE DETERMINATION WAS DELAYED UNREASONABLY. ID. IT SHOULD ALSO BE NOTED THAT RULE 5(a) TENN. R. CRIM. P., REQUIRES THAT ALL PERSONS ARRESTED EXCEPT UPON A CAPIASES PURSUANT TO AN INDICTMENT OR PRESENTMENT "SHALL" BE TAKEN WITHOUT UNNECESSARY DELAY BEFORE THE NEAREST APPROPRIATE MAGISTRATE OF THE COUNTY FROM WHICH THE WARRANT FOR ARREST ISSUED, OR THE COUNTY IN WHICH THE ALLEGED OFFENSE OCCURRED IF THE ARREST WAS MADE WITHOUT A WARRANT UNLESS A CITATION IS ISSUED PURSUANT TO RULE 3.5. IF A PERSON ARRESTED WITHOUT A WARRANT IS BROUGHT BEFORE A MAGISTRATE, AN AFFIDAVIT OF COMPLAINT SHALL BE FILED FORTHWITH. WHEN AN ARRESTED

PERSON APPEARS INITIALLY BEFORE A MAGISTRATE, THE MAGISTRATE SHALL PROCEED IN ACCORDANCE WITH THIS RULE.

WHEN A PERSON IS ARRESTED WITHOUT A WARRANT, IT IS AT THIS PROCEEDING THAT A "PROBABLE CAUSE DETERMINATION IS MADE." THUS, UNDER STATE LAW, THE DETERMINATION IS REQUIRED TO BE MADE "WITHOUT UNNECESSARY DELAY." WHAT CONSTITUTES "UNNECESSARY DELAY" DEPENDS UPON THE FACTS AND CIRCUMSTANCES OF EACH CASE. SEE GENERALLY STATE V. READUS, 764 S.W. 2D 770, 773-774 (TENN. CRIM. APP. 1988).

8. THE FOURTH AMENDMENT PROVIDES:

"THE RIGHT OF THE PEOPLE TO BE SECURE IN THEIR PERSONS, HOUSES, PAPERS, AND EFFECTS, AGAINST UNREASONABLE SEARCHES AND SEIZURES, SHALL NOT BE VIOLATED, AND NO WARRANTS SHALL ISSUE, BUT UPON PROBABLE CAUSE, SUPPORTED BY OATH OR AFFIRMATION, AND THE PERSONS OR THINGS TO BE SEIZED."

9. PLAINTIFF STATES, THE FOURTH AND FOURTEENTH AMENDMENTS GIVE ALL ARRESTED PERSONS CHARGED BY INFORMATION A RIGHT TO A JUDICIAL HEARING ON THE QUESTION OF PROBABLE CAUSE.

UPON ARREST THE ACCUSED WOULD BE TAKEN BEFORE A "MAGISTRATE" FOR A FIRST APPEARANCE HEARING.

WHATEVER PROCEDURE A STATE MAY ADOPT FOR MAKING A PRETRIAL DETERMINATION OF PROBABLE CAUSE FOR DETAINING AN ARRESTED PERSON PENDING FURTHER PROCEEDINGS, IT "MUST" PROVIDE A FAIR AND RELIABLE DETERMINATION OF PROBABLE CAUSE AS A CONDITION FOR ANY SIGNIFICANT PRETRIAL RESTRAINT OF LIBERTY, SUCH DETERMINATION "MUST" BE MADE BY A JUDICIAL OFFICER EITHER BEFORE OR PROMPTLY AFTER ARREST U.S.C.A. CONSTITUTION AMEND. 4.

AT THE 'PRELIMINARY HEARING' THE ACCUSED WOULD BE ENTITLED TO COUNSEL, AND HE WOULD BE ALLOWED TO CONFRONT AND CROSS-EXAMINE ADVERSE WITNESSED, TO SUMMON FAVORABLE WITNESSES, AND TO HAVE A TRANSCRIPT MADE ON REQUEST. "IF THE MAGISTRATE FOUND (NO PROBABLE CAUSE), THE ACCUSED WOULD BE DISCHARGED. HE THEN COULD NOT BE CHARGED WITH THE SAME OFFENSE BY COMPLAINT OR BY INFORMATION, BUT ONLY BY INDICTMENT RETURNED WITHIN 30 DAYS."

10. PLAINTIFF STATES, THAT VIOLATIONS ARE DEFINED BY STATUTE AND THE "PROSECUTOR" HAS A PROFESSIONAL DUTY NOT TO CHARGE A SUSPECT WITH CRIME UNLESS HE IS SATISFIED OF "PROBABLE CAUSE". SEE ABA CODE OF PROFESSIONAL RESPONSIBILITY DR-7-103(A) (FINAL DRAFT 1969) (A PROSECUTOR

SHALL NOT INSTITUTE OR CAUSE TO BE INSTITUTED CRIMINAL CHARGES WHEN
HE KNOWS OR IT IS OBVIOUS THAT THE CHARGES ARE NOT SUPPORTED BY
PROBABLE CAUSE); AMERICAN BAR ASSOCIATION PROJECT ON STANDARDS FOR
CRIMINAL JUSTICE, THE PROSECUTION FUNCTION §§ 1.1, 3.4, 3.9 (1974); AMERICAN
COLLEGE OF TRIAL LAWYERS, CODE OF TRIAL CONDUCT, RULE 4(c) (1963).

CRIMINAL JUSTICE IS ALREADY OVERBURDENED BY THE VOLUME OF CASES
AND THE COMPLEXITIES OF OUR SYSTEM. THE PROCEEDING OF MISDEMEANORS,
IN PARTICULAR, AND THE EARLY STAGES OF PROSECUTION GENERALLY ARE
MARKED BY DELAYS THAT CAN SERIOUSLY AFFECT THE QUALITY OF JUSTICE. A
CONSTITUTIONAL DOCTRINE REQUIRING ADVERSARY HEARINGS FOR ALL
PERSONS DETAINED PENDING TRIAL COULD EXACERBATE THE PROBLEM OF
PRETRIAL DELAY.

SEVERAL STATES ALREADY AUTHORIZE A DETERMINATION OF PROBABLE
CAUSE AT THIS STAGE OR IMMEDIATELY THEREAFTER. SEE, E.G., HAWAII REV.
START. §§ 708-9(5), 710-7(1968); VT. RULES CRIM. PROC. 3(b), 5(c). THIS COURT HAS
INTERPRETED THE FEDERAL RULES OF CRIMINAL PROCEDURE TO REQUIRE A
DETERMINATION OF PROBABLE CAUSE AT THE FIRST APPEARANCE. JABEN V.
UNITED STATES, 381 U.S. 214, 218, 85 S. CT. 1365, 1367, 14 L. ED. 2D 345 (1965);
MALLORY V. UNITED STATES, 354 U.S., AT 454, 77 S. CT. AT 1359.

UNDER THE UNIFORM RULES OF CRIMINAL PROCEDURE (PROPOSED FINAL

DRAFT 1974), A PERSON ARRESTED WITHOUT A WARRANT IS ENTITLED,

WITHOUT UNNECESSARY DELAY, TO A FIRST APPEARANCE BEFORE A

MAGISTRATE AND A DETERMINATION THAT GROUNDS EXIST FOR ISSUANCE OF

AN ARREST WARRANT. THE DETERMINATION MAY BE MADE ON AFFIDAVITS OR

TESTIMONY, IN THE PRESENCE OF ACCUSED. RULE 311. PERSONS WHO REMAIN

IN CUSTODY FOR INABILITY TO QUALIFY FOR PRETRIAL RELEASE ARE OFFERED

ANOTHER OPPORTUNITY FOR A PROBABLE CAUSE DETERMINATION AT THE

DETENTION HEARING, HELD NO MORE THAN FIVE DAYS AFTER ARREST. THIS IS

AN ADVERSARY HEARING, AND THE PARTIES MAY SUMMON WITNESSES, BUT

RELIABLE HEARSAY EVIDENCE MAY BE CONSIDERED. RULE 344.


THE ALI MODEL CODE OF PRE-ARRAIGNMENT PROCEDURE (TENT. DRAFT NO. 5,

1972, AND TENT. DRAFT NO. 5A. 1973) ALSO PROVIDES A FIRST APPEARANCE, AT

WHICH A WARRANTLESS ARREST MUST BE SUPPORTED BY A REASONABLY

DETAILED WRITTEN STATEMENT OF FACTS § 310.1. THE MAGISTRATE MAY MAKE

A DETERMINATION OF PROBABLE CAUSE TO HOLD THE ACCUSED, BUT HE IS

NOT REQUIRED TO DO SO AND THE ACCUSED MAY REQUEST AN ATTORNEY FOR

AN ADJOURNED SESSION OF THE FIRST APPEARANCE TO BE HELD WITHIN TWO

COURT DAYS. AT THAT SESSION, THE MAGISTRATE MAKES A DETERMINATION

OF PROBABLE CAUSE UPON A COMBINATION OF WRITTEN AND LIVE

TESTIMONY:

THE ARRESTED PERSON MAY PRESENT WRITTEN AND TESTIMONIAL EVIDENCE AND ARGUMENTS FOR HIS DISCHARGE AND THE STATE MAY PRESENT ADDITIONAL WRITTEN AND TESTIMONIAL EVIDENCE AND ARGUMENTS THAT THERE IS REASONABLE CAUSE TO BELIEVE THAT HE HAS COMMITTED THE CRIME OF WHICH HE IS ACCUSED. THE STATES SUBMISSION MAY BE MADE BY MEANS OF AFFIDAVITS, AND NO WITNESSES SHALL BE REQUIRED TO APPEAR UNLESS THE COURT, IN THE LIGHT OF THE EVIDENCE AND ARGUMENTS SUBMITTED BY THE PARTIES, DETERMINES THAT THERE IS BASIS FOR BELIEVING THAT THE APPEARANCE OF ONE OR MORE WITNESSES FOR WHOM THE ARRESTED PERSON SEEKS SUBPOENAS MIGHT LEAD TO A FINDING THAT THERE IS NO REASONABLE CAUSE. § 310.2 (2) (TENT DRAFT NO. 5A, 1973).

11. PLAINTIFF STATES, THAT IN THE PARTICULAR CRIMINAL MATTER THAT HAD BEEN COMPLETED BY LAW, AND UPON WHICH ALL FELONY CHARGE(S) OF COMPLAINT(S), ARREST WARRANT(S), INDICTMENT(S), AND INFORMATION, AND CONVICTION RECORDS THAT HAD BEEN CHARGED, RENDERED, AND "LODGED", IT IS STATED THAT THE UNITED STATES ATTORNEY WHICH IS THE EXECUTIVE OFFICER OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE MIDDLE DIVISION, DID NOT FILE ANY COMPLAINT AND INFORMATION UPON THE "PROSECUTORS OFFICIAL OATH", THAT COULD FURNISH OR ESTABLISH THE "PROBABLE CAUSE" DETERMINATION, THAT IS REQUIRED OR MANDATED UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION . U.S. CONST. AMEND. 4.

12. IT IS THAT SEVERAL PARTICULAR WRITTEN "PAPERS" OR "FORMS" OR "DOCUMENTARY EVIDENCE", WHICH WERE USED AS EVIDENCE PURPORTING TO BE THAT OF AN AUTHORIZED FELONY COMPLAINT AND FELONY ARREST WARRANT WAS ISSUED AND EXECUTED SOLELY UPON A REQUEST MADE BY A "NON-PUBLIC PROSECUTING ATTORNEY;" ONE JOHN C. ZIMMERMANN BPR#009723, WHO WAS NOT THE UNITED STATES ATTORNEY FOR THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE MIDDLE DIVISION. NOR WAS SUCH IDENTIFIED ATTORNEY NAMED ABOVE AN EXECUTIVE OFFICER OF THE COURT, UNDER THE UNITED STATES CONSTITUTION. NOR WAS SUCH ATTORNEY IDENTIFIED ABOVE HEREIN, AN AUTHORIZED "ATTORNEY FOR THE GOVERNMENT" AS THAT TERM IS WELL DEFINED UNDER THE APPROPRIATE "RULE OF LAW."

13. JOHN C. ZIMMERMANN BPR#009723, A "NON-PUBLIC PROSECUTING ATTORNEY," HAD FILED INFORMATION DIRECTLY TO A STATE GOVERNMENT COUNTY-COURTHOUSE MAGISTRATE JUDGE; WHO WAS NOT AN ARTICLE III, § 1, COURT OR JUDGE, AND IT IS IN THIS CONNECTION AND UPON WHICH THE ACCUSED WAS CHARGED UPON ALL FELONY CHARGES AND PROCEEDINGS, THAT ALL SUCH INFORMATION AND ACCOMPANYING AFFIDAVITS FILED BY THE ABOVE IDENTIFIED ATTORNEY, WERE MADE INVALID, DEFECTIVE, ILLEGAL AND "VOID" AND THAT THE JUDGMENT OF ARREST, DETENTION AND SERVICE OF

PROCESS ISSUED BY SUCH WAS ILLEGAL UNDER THE FOURTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

THE DETACHED JUDGMENT OF A NEUTRAL MAGISTRATE IS ESSENTIAL IF THE FOURTH AMENDMENT IS TO FURNISH MEANINGFUL PROTECTION FROM UNFOUNDED INTERFERENCE WITH LIBERTY. THE FOURTH AMENDMENT REQUIRES A JUDICIAL DETERMINATION OF PROBABLE CAUSE AS A PREREQUISITE TO EXTEND RESTRAINT OF LIBERTY FOLLOWING ARREST. ARREST UNDER WARRANT ISSUED ON AFFIDAVITS IMPROPERLY VERIFIED HELD UNCONSTITUTIONAL. U.S.C.A. AMEND. 4.

PLAINTIFF STATES, THAT THE "PROBABLE CAUSE" DETERMINATION FOR ISSUANCE OF AN ARREST WARRANT MUST BE DETERMINED BY SOMEONE INDEPENDENT OF THE POLICE AND PROSECUTION. U.S.C.A. CONST. AMEND. 4.

MORE RECENTLY, IN COOLIDGE V. NEW HAMPSHIRE, 403 U.S. 443, 449-453, 91 S. CT. 2022, 2029-2031, 29 L. ED. 2D 564 (1971), THE COURT HELD THAT A PROSECUTORS RESPONSIBILITY TO LAW ENFORCEMENT IS INCONSISTENT WITH THE CONSTITUTIONAL ROLE OF A NEUTRAL AND DETACHED MAGISTRATE. THIS PRINCIPAL WAS REAFFIRMED IN SHADWICK V. CITY OF TAMPA, 407 U.S. 345, 92 S. CT. 2119, 32 L. ED. 2D 783 (1972), AND HELD THAT PROBABLE CAUSE FOR THE ISSUANCE OF A ARREST WARRANT MUST BE DETERMINED BY SOMEONE INDEPENDENT OF POLICE AND PROSECUTION. SEE ALSO UNITED STATES V.

UNITED STATES DISTRICT COURT, 407 U.S. 297, 317, 92 S. CT. 2125, 2136, 32 L. ED. 2D 752 (1972).

'THE COURT IN GIORDENELLO HELD THAT A FINDING OF "PROBABLE CAUSE" MUST BE MADE BY A NEUTRAL AND DETACHED MAGISTRATE WHO ASSESES INDEPENDENTLY THE PROBABILITY THAT*** (AN ACCUSED) COMMITTED THE CRIME CHARGED. GIORDENELLO V. UNITED STATES, SUPRA, AT 486-487, 78S. CT. 1245, 2 L. ED. 2D 1503. (EMPHASIS ADDED.) THE COURT ALSO STATED, THE PURPOSE OF COMPLAINT*** IS TO ENABLE THE APPROPRIATE MAGISTRATE*** TO DETERMINE WHETHER THE 'PROBABLE CAUSE' REQUIRED TO SUPPORT A WARRANT EXISTS. THE COMMISSIONER "MUST" JUDGE FOR HIMSELF THE PERSUASIVENESS OF THE FACTS RELIED ON BY A COMPLAINING OFFICER TO SHOW PROBABLE CAUSE. HE SHOULD NOT ACCEPT WITHOUT QUESTION THE COMPLAINT'S MERE CONCLUSION THAT THE PERSON WHOSE ARREST IS SOUGHT HAS COMMITTED A CRIME.' ID., AT 486, 78 S. CT. AT 1250.

14. PLAINTIFF STATES, THAT UNDER THE APPROPRIATE "RULE OF LAW", THE COMMISSIONER'S BASIC FUNCTIONS UNDER CRIMINAL RULES ARE TO MAKE JUDGMENT THAT PROBABLE CAUSE EXISTS AND TO WARN DEFENDANTS OF THEIR RIGHTS.

RULE 3 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE DEFINES A COMPLAINT AS

'***A WRITTEN STATEMENT OF THE ESSENTIAL FACTS CONSTITUTING THE OFFENSE CHARGED. IT SHALL BE MADE UPON OATH BEFORE A COMMISSIONER OR OTHER OFFICER EMPOWERED TO COMMIT PERSONS CHARGED WITH OFFENSES AGAINST THE UNITED STATES.'

15. PLAINTIFF STATES, THAT TO INITIATE THE "COMPLAINT," IT MUST BE ADEQUATE TO BEGIN THE FEDERAL CRIMINAL PROCESS PRESCRIBED BY THE FEDERAL CRIMINAL RULES. IT MUST BE SUFFICIENT TO JUSTIFY THE NEXT STEPS IN THE PROCESS- THOSE OF NOTIFYING THE DEFENDANT AND BRINGING HIM BEFORE THE "COMMISSIONER" FOR A PRELIMINARY HEARING. TO DO SO THE COMPLAINT MUST SATISFY THE PROBABLE CAUSE REQUIREMENT OF RULE 4.

RULE 4(a) PROVIDES:

'IF IT APPEARS FROM THE "COMPLAINT" THAT THERE IS PROBABLE CAUSE TO BELIEVE THAT AN OFFENSE HAS BEEN COMMITTED AND THAT THE DEFENDANT HAS COMMITTED IT, A WARRANT FOR THE ARREST OF THE DEFENDANT "SHALL" ISSUE TO ANY OFFICER AUTHORIZED BY LAW TO EXECUTE IT. UPON THE REQUEST OF THE "ATTORNEY FOR THE GOVERNMENT" A SUMMONS INSTEAD OF A WARRANT SHALL ISSUE. *** IF A DEFENDANT FAILS TO APPEAR IN RESPONSE TO THE SUMMONS, A WARRANT SHALL ISSUE."

THIS RULE 4, FINDS THAT A REQUIREMENT THAT THE ("COMPLAINT" MUST

SHOW WHO IT WAS THAT COMMITTED THE OFFENSE). NOTICE TO A CRIMINAL

DEFENDANT IS USUALLY ACHIEVED BY SERVICE UPON HIM OF THE SUMMONS

OR ARREST WARRANT PROVIDED FOR IN RULE 4.

NEITHER IS APPROPRIATE ABSENT A JUDGMENT BY THE COMMISSIONER THAT

THE COMPLAINT SHOWS PROBABLE CAUSE, AND NO OTHER FORM OF NOTICE IS

SPECIFIED BY THE RULES.


THE GOVERNMENT MUST PROCEED THROUGH THE FURTHER STEPS OF THE

"COMPLAINT" PROCEDURE BY AFFORDING THE DEFENDANT A PRELIMINARY

HEARING AS REQUIRED BY RULE 5, UNLESS BEFORE THE PRELIMINARY HEARING

IS HELD, THE GRAND JURY SUPERSEDES THE COMPLAINT PROCEDURE BY

RETURNING AN INDICTMENT. THIS INTERPRETATION OF THE COMPLAINT,

EITHER THE COMMISSIONER WILL DECIDE WHETHER THERE IS SUFFICIENT

CAUSE TO BIND THE DEFENDANT OVER FOR GRAND JURY ACTION, OR THE

GRAND JURY ITSELF WILL HAVE DECIDED WHETHER OR NOT TO INDICT.


THE PROPER APPLICATION OF RULE 5(a) OF THE FEDERAL RULES OF CRIMINAL

PROCEDURE, PROMULGATED IN 1946, 327 U.S. 821. THAT RULE PROVIDES:


'(a) APPEARANCE BEFORE THE COMMISSIONER. AN OFFICER MAKING AN ARREST

UNDER A WARRANT ISSUED UPON A COMPLAINT OR ANY PERSON MAKING AN

ARREST WITHOUT A WARRANT SHALL TAKE THE ARRESTED PERSON WITHOUT UNNECESSARY DELAY BEFORE THE NEAREST AVAILABLE COMMISSIONER OR BEFORE ANY OTHER NEARBY OFFICER EMPOWERED TO COMMIT PERSONS CHARGED WITH OFFENSES AGAINST THE LAWS OF THE UNITED STATES. WHEN A PERSON ARRESTED WITHOUT A WARRANT IS BROUGHT BEFORE A COMMISSIONER OR OTHER OFFICER, A COMPLAINT SHALL BE FILED FORTHWITH.'

16. PLAINTIFF STATES, THAT THE REQUIREMENT OF RULE 5(a) IS PART OF THE PROCEDURE DEVISED BY CONGRESS FOR SAFEGUARDING INDIVIDUAL RIGHTS WITHOUT HAMPERING EFFECTIVE AND INTELLIGENT LAW ENFORCEMENT. PROVISIONS RELATED TO RULE 5(a) CONTEMPLATE A PROCEDURE THAT ALLOWS ARRESTING OFFICERS LITTLE MORE LEEWAY THAN THE INTERVAL BETWEEN ARREST AND THE ORDINARY ADMINISTRATIVE STEPS REQUIRED TO BRING A SUSPECT BEFORE THE NEAREST AVAILABLE MAGISTRATE. RULE 4(a) PROVIDES: 'IF IT APPEARS FROM THE COMPLAINT THAT THERE IS PROBABLE CAUSE TO BELIEVE THAT AN OFFENSE HAS BEEN COMMITTED AND THAT THE DEFENDANT HAS COMMITTED IT, A WARRANT FOR THE DEFENDANT SHALL ISSUE***.' RULE 4(b) REQUIRES THAT THE WARRANT 'SHALL COMMAND THAT THE DEFENDANT BE ARRESTED AND BROUGHT BEFORE THE NEAREST AVAILABLE COMMISSIONER.' AND RULES 5(b) AND (c) REVEAL THE FUNCTION OF THE REQUIREMENT OF PROMPT ARRAIGNMENT:

'(b) <u>STATEMENT BY THE COMMISSIONER</u>. THE COMMISSIONER SHALL INFORM THE DEFENDANT OF THE COMPLAINT AGAINST HIM, OF HIS RIGHT TO RETAIN COUNSEL AND OF HIS RIGHT TO HAVE A PRELIMINARY EXAMINATION. HE SHALL ALSO INFORM THE DEFENDANT THAT HE IS NOT REQUIRED TO MAKE A STATEMENT AND ANY STATEMENT MADE BY HIM MAY BE USED AGAINST HIM. THE COMMISSIONER SHALL ALLOW THE DEFENDANT REASONABLE TIME AND OPPORTUNITY TO CONSULT COUNSEL AND SHALL ADMIT THE DEFENDANT TO BAIL AS PROVIDED IN THESE RULES.

'(c) <u>PRELIMINARY EXAMINATION</u>. THE DEFENDANT SHALL NOT BE CALLED UPON TO PLEAD. IF THE DEFENDANT WAIVES PRELIMINARY EXAMINATION, THE COMMISSIONER SHALL FORTHWITH HOLD HIM TO ANSWER IN THE <u>DISTRICT COURT</u>. IF THE DEFENDANT DOES NOT WAIVE EXAMINATION, THE COMMISSIONER SHALL HEAR THE EVIDENCE WITHIN A REASONABLE TIME. THE DEFENDANT MAY CROSS-EXAMINE WITNESSES AGAINST HIM AND MAY INTRODUCE EVIDENCE ON HIS OWN BEHALF. IF FROM THE EVIDENCE IT APPEARS TO THE COMMISSIONER THAT THERE IS PROBABLE CAUSE TO BELIEVE THAT AN OFFENSE HAS BEEN COMMITTED AND THAT THE DEFENDANT HAS COMMITTED IT, <u>THE COMMISSIONER "SHALL"</u> FORTHWITH HOLD HIM TO ANSWER IN THE DISTRICT COURT; OTHERWISE THE COMMISSIONER "SHALL DISCHARGE HIM." THE COMMISSIONER SHALL ADMIT THE DEFENDANT TO BAIL AS PROVIDED IN THESE RULES.'

THE SCHEME FOR INITIATING A FEDERAL PROSECUTION IS PLAINLY DEFINED. THE POLICE MAY NOT ARREST UPON MERE SUSPICION BUT ONLY ON 'PROBABLE CAUSE.' THE NEXT STEP IN THE PROCEEDING IS TO ARRAIGN THE ARRESTED PERSON BEFORE A "JUDICIAL OFFICER" AS QUICKLY AS POSSIBLE SO THAT HE MAY BE ADVISED OF HIS RIGHTS AND SO THAT THE ISSUE OF PROBABLE CAUSE MAY BE PROMPTLY DETERMINED. THE ARRESTED PERSON MAY OF COURSE BE 'BOOKED' BY THE POLICE. BUT HE IS NOT TO BE TAKEN TO POLICE HEADQUARTERS IN ORDER TO CARRY OUT A PROCESS OF INQUIRY THAT LEADS ITSELF, EVEN IF NOT SO DESIGNED, TO ELICITING DAMAGING STATEMENTS TO SUPPORT THE ARREST AND ULTIMATELY HIS GUILT.

PLAINTIFF STATES, THAT WHOMEVER THE POLICE ARREST THEY MUST ARREST ON "PROBABLE CAUSE." IT IS NOT THE FUNCTION OF THE POLICE TO ARREST, AS IT WERE, AT LARGE AND TO USE AN INTERROGATING PROCESS AT POLICE HEADQUARTERS IN ORDER TO DETERMINE WHOM THEY SHOULD CHARGE BEFORE A COMMITTING MAGISTRATE ON 'PROBABLE CAUSE.'

1. THE UNDERSIGNED COMPLAINANT IN THE PARTICULAR FELONY CRIMINAL MATTER THAT HAD BEEN COMPLETED BY LAW, WAS NOT A DULY SWORN EXECUTIVE OFFICER OF THE UNITED STATES DISTRICT COURT, FOR THE MIDDLE DISTRICT OF TENNESSEE, MIDDLE DIVISION, OR AN EXECUTIVE OFFICER UNDER THE UNITED STATES CONSTITUTION OR LAWS OF THE UNITED STATES GOVERNMENT. THE HEREIN IDENTIFIED ATTORNEY WAS NOT A DULY SWORN

EXECUTIVE OFFICER OF THE COURT UNDER THE CONSTITUTION OF THE STATE OF TENNESSEE, AND UNDER THE STATUTE OR LAW OF ITS OWN STATE, AND FOR THE STATE GOVERNMENT COUNTY-COURTHOUSE JURISDICTION, WHEN SUCH FELONY CHARGES WERE INITIATED AND COMPLETED.

2. PLAINTIFF STATES, THAT IN THIS CONNECTION, THAT THERE WAS NO VALID, LAWFUL, OR LEGAL FELONY COMPLAINT "FILED" BY ANY EXECUTIVE OFFICER OF THE COURT, WHETHER STATE OR FEDERAL COURT, AND THAT SUCH "RACKETEER ACTIVITY" ENGAGED IN, ACTED UPON AND DONE BY A "NON-PUBLIC PROSECUTING ATTORNEY" ONE JOHN C. ZIMMERMANN BPR#009723, VIOLATED CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON ACTING IN HIS POSITION WOULD HAVE KNOWN. THIS PARTICULAR "NON-PUBLIC PROSECUTING ATTORNEY" ONE JOHN C. ZIMMERMANN BPR#009723, HAD ACTED WITH MALICIOUS INTENT TO "KNOWINGLY AND WILLFULLY" DEPRIVE THE ACCUSED OF ALL HIS FEDERALLY PROTECTED CONSTITUTIONAL RIGHTS. SUCH "NON-PUBLIC PROSECUTING ATTORNEY" ONE JOHN C. ZIMMERMANN BPR#009723, HAD CONSPIRED WITH OTHER PUBLIC OFFICIALS AND OTHER NON-PUBLIC WITHIN THIS STATE, AS WELL AS OUTSIDE OF THIS STATE OR TERRITORY OF THE UNITED STATES, FOR THE PURPOSE OF DEPRIVING, EITHER DIRECTLY OR INDIRECTLY, THE ACCUSED PERSON OR CLASS OF THE ACCUSED OF THE EQUAL PROTECTION OF THE LAWS, OR OF EQUAL PRIVILEGES AND IMMUNITIES UNDER THE LAWS; AND FOR THE PURPOSE OF PREVENTING OR HINDERING THE CONSTITUTED AUTHORITIES OF

ANY STATE OR TERRITORY FROM GIVING OR SECURING TO ALL PERSONS
WITHIN SUCH STATE OR TERRITORY THE EQUAL PROTECTION OF THE LAWS.


3. PLAINTIFF ALSO STATES, THAT IN THIS PARTICULAR CONNECTION, AND UPON
WHICH A CERTAIN WRITTEN "PAPER" OR "FORM" OR "DOCUMENTARY
EVIDENCE" THAT WAS USED BY THE STATE GOVERNMENT COUNTY-
COURTHOUSE ADMINISTRATION HEAD AND "JURISDICTION," WHICH PURPORTED
TO BE THAT OF AN AUTHORIZED FELONY COMPLAINT "FILED" WAS SIMPLY A
FRAUDULENT STATEMENT MADE WHILE UNDER "OATH" BY SUCH
ORGANIZATION. THE COMPLAINT WAS INSUFFICIENT TO ISSUE WARRANTS OF
ARREST. THE COMPLAINT WAS NOT SWORN TO BEFORE A UNITED STATES
COMMISSIONER OR MAGISTRATE OR OTHER OFFICER EMPOWERED TO COMMIT
PERSONS CHARGED WITH OFFENSES AGAINST THE UNITED STATES. RULE 3,
FEDERAL RULES OF CRIMINAL PROCEDURE, 28 U.S.C.A. THIS OMISSION IS
SUFFICIENT GROUNDS TO REFUSE TO ISSUE WARRANTS. IT IS ALSO STATED,
THAT JOHN C. ZIMMERMANN BPR#009723, A "NON-PUBLIC PROSECUTING
ATTORNEY," DID NOT "FILE" OR COULD NOT "FILE" ANY COMPLAINT AND
INFORMATION UPON THE "PROSECUTORS OFFICIAL OATH," THAT COULD
FURNISH OR ESTABLISH THE "PROBABLE CAUSE" DETERMINATION, THAT IS
REQUIRED OR MANDATED UNDER THE FOURTH AMENDMENT TO THE UNITED
STATES CONSTITUTION. U.S. CONST. AMEND. 4.

4. PLAINTIFF ALSO STATES, THAT BASED UPON THE FACTS AND THE LAW ALREADY STATED, AND IN THIS CONNECTION, THE PARTICULAR COMPLAINT THAT WAS USED BY THE STATE GOVERNMENT COUNTY-COURTHOUSE ADMINISTRATION HEAD AND "JURISDICTION",THAT SUCH DOCUMENT ON ITS FACE (COMPLAINT), WAS INSUFFICIENT TO FIND PROBABLE CAUSE THAT A FELONY OFFENSE HAD BEEN COMMITTED, AND THAT THE DEFENDANT HAD COMMITTED IT. RULE 4 FEDERAL RULES OF CRIMINAL PROCEDURE, 28 U.S.C.A. THE FOURTH AMENDMENT TO THE CONSTITUTION PROSCRIBES ISSUING A WARRANT OF ARREST EXCEPT UPON A SHOWING OF PROBABLE CAUSE TO A JUDICIAL OFFICER. SEE ALSO, 8 MOORE, FEDERAL PRACTICE 3.05(2D ED. 1969).

5. <u>AUTHORITY UNDER WARRANT</u>. IF A WARRANT COMMANDING THE ARREST OF AN INDIVIDUAL IN THE NAME OF THE STATE HAS NO SEAL, IT IS VOID.

6. <u>SEAL AND SIGNATURE</u>. A WARRANT FOR ONES ARREST IN THE NAME OF THE STATE, WITHOUT HAVING THE MAGISTRATES SEAL, IS VOID.

## "[STATUTE OF LIMITATIONS]"

PLAINTIFF STATES, THAT SECTION 1983 PROHIBITS ACTIONS UNDER COLOR OF STATE LAW WHICH DEPRIVE AN INDIVIDUAL OF A RIGHT SECURED BY THE CONSTITUTION OR A FEDERAL STATUTE. 42 U.S.C.A. § 1983.

BEFORE A DEFENDANT MAY BE HELD LIABLE UNDER § 1983, THAT DEFENDANT MUST FIRST POSSES POWER BY VIRTUE OF STATE LAW, THEN MISUSE THAT POWER IN A WAY THAT VIOLATES FEDERAL CONSTITUTIONAL RIGHTS. 42 U.S.C.A. § 1983.

TO ESTABLISH MUNICIPAL LIABILITY UNDER § 1983, A PLAINTIFF MUST SHOW THAT THE MUNICIPAL ACTION WAS TAKEN WITH THE REQUISITE DEGREE OF CULPABILITY AND MUST DEMONSTRATE A DIRECT CAUSAL LINK BETWEEN THE MUNICIPAL ACTION AND THE DEPRIVATION OF FEDERAL RIGHTS. 42 U.S.C.A. § 1983.

1. IN THE PARTICULAR FELONY CRIMINAL TRIAL MATTER THAT HAD BEEN COMPLETED BY LAW, THE ACCUSED NOW PLAINTIFF, HAD BEEN PROSECUTED BY A "NON-PUBLIC PROSECUTING ATTORNEY" ONE (JOHN C. ZIMMERMANN BPR#009723), WELL BEYOND THE "STATUTE OF LIMITATION" FOR A FELONY OR A MISDEMEANOR CHARGE, AND THAT SUCH ACTION TAKEN CLEARLY DEPRIVED

THE ACCUSED OF A RIGHT SECURED BY THE CONSTITUTION OR A FEDERAL STATUTE, AND IN VIOLATION OF 42 U.S.C.A. § 1983.

2. THE TIME WITHIN WHICH AN OFFENSE IS COMMITTED IS A JURISDICTIONAL FACT IN ALL CASES SUBJECT TO LIMITATION.

3. <u>CRIMINAL LAW---- PARTICULAR FACTS</u>

WHERE THE ISSUE OF THE STATUTE OF LIMITATIONS IS RAISED BY A <u>PLEA OF NOT GUILTY</u>, THE TIME WHEN THE OFFENSE WAS COMMITTED BECOMES A MATERIAL ELEMENT IN THE CASE, AND PROOF MUST BE MADE BY THE STATE TENDING TO SHOW THAT ITS RIGHT TO PROSECUTE AND PUNISH FOR THE OFFENSE ALLEGED IN THE INDICTMENT OR INFORMATION IS NOT BARRED.

4. PLAINTIFF STATES, THAT THE PARTICULAR WRITTEN "PAPER" OR "FORM" OR "DOCUMENTARY EVIDENCE" THAT WAS USED BY THE STATE OF TENNESSEE, AND THE CRIME CHARGED BY THE INFORMATION IS IN THIS STATE A <u>MISDEMEANO</u>R. AND THAT "AN INDICTMENT FOR ANY MISDEMEANOR MUST BE FOUND WITHIN ONE YEAR AFTER ITS COMMISSION. AN INDICTMENT IS FOUND WITHIN THE MEANING OF THE LAW OR UNDER THE APPROPRIATE "RULE OF LAW", WHEN IT IS PRESENTED BY THE GRAND JURY IN OPEN COURT, AND THERE RECEIVED AND FILED." IT IS THE "PROSECUTION" WHICH MUST BE COMMENCED . WITHIN 12 MONTHS, NOT THE FINDING OF THE INDICTMENT. T.C.A. § 40-2-102. MISDEMEANORS.

5. PLAINTIFF ALSO STATES, THAT AFTER THE EXPIRATION OF THE STATUTE OF LIMITATIONS AS TO ALL FELONY CHARGES OR FEDERAL OFFENSES, OR MISDEMEANOR CHARGES, THAT THERE WAS NO VALID OR LAWFUL OR "LEGAL" CRIMINAL COMPLAINT "FILED" AGAINST THE ACCUSED AND SUBMITTED BEFORE A UNITED STATES COMMISSIONER, OR A UNITED STATES MAGISTRATE JUDGE, OR ANY OTHER AUTHORIZED "JUDICIAL OFFICER" OF THE COURT. NOR HAD ANY UNITED STATES ATTORNEY OR ANY OTHER AUTHORIZED EXECUTIVE OFFICER OF THE COURT "FILE" ANY COMPLAINT AGAINST THE ACCUSED UNDER AN "PROSECUTORS OFFICIAL OATH" OF OFFICE, NOR HAD ANY SUCH CONSTITUTIONAL OFFICER SUBMITTED A WRITTEN "PAPER" OR "FORM" OR "DOCUMENTARY EVIDENCE", TO A UNITED STATES MAGISTRATE JUDGE, WHILE UNDER "OATH".

STATUTES OF LIMITATION IN RESPECT TO CRIMES ARE ALWAYS CONSTRUED LIBERALLY IN FAVOR OF DEFENDANTS, AND IT IS NOT DEEMED NECESSARY FOR A PARTY RELYING UPON THEM TO PLEAD THEM IN BAR. THE PROSECUTOR MUST SHOW THE COMMISSION OF THE OFFENCE WITHIN THE TIME FIXED B THE STATUTE.

6. CRIMINAL LAW---- CONSTITUTIONAL AND STATUTORY PROVISIONS.

STATUTES OF LIMITATION GENERALLY INCLUDE THREE TYPES: (1) STATUTES WHICH PROVIDE THAT AN INDICTMENT MUST BE FILED WITHIN A SPECIFIED TIME, (2) STATUTES WHICH PROVIDE THAT PROSECUTION MUST COMMENCE WITHIN A SPECIFIED TIME, AND (3) STATUTES WHICH PROVIDE THAT THE STATUTE OF LIMITATIONS IS TOLLED IF AN INDICTMENT IS QUASHED. A.R.S. § 13-106, SUBSECTIONS. B, D.

THE STATUTE REQUIRING THAT AN INFORMATION OR A COMPLAINT FOR A MISDEMEANOR MUST BE FILED OR AN INDICTMENT FOUND WITHIN TWO YEARS AFTER ITS COMMISSION IS NOT A STATUTE OF REPOSE BUT CREATES A BAR TO THE PROSECUTION AND TIME WITHIN WHICH AN OFFENSE IS COMMITTED BECOMES A JURISDICTIONAL FACT.

STATE HAS BURDEN OF PROVING AFFIRMATIVELY THE COMMISSION OF AN OFFENSE CHARGED WITHIN A PERIOD LIMITED FOR ITS PROSECUTION, COMP. LAWS 1913, § 10522.

7. PLAINTIFF STATES, THAT PERSONS ADVERSELY AFFECTED MAY QUESTION VALIDITY OF LAW. AND GENERALLY, A "CONSTITUTIONAL QUESTION" MAY BE RAISED AT ANY TIME. AND UNDER CONSTITUTIONAL LAW, THE PLAINTIFF ASSERTS HIS RIGHT TO CHALLENGE CONSTITUTIONALLY AT THIS TIME.

8. PLAINTIFF STATES, THAT A PARTY INDICTED, FOR A FELONY WHICH INCLUDES A MISDEMEANOR, IS, IF THE PROOF SHOWS HIM NOT GUILTY OF THE FELONY, AND NOT GUILTY OF THE MISDEMEANOR WITHIN TWELVE MONTHS, IS ENTITLED TO AN ACQUITTAL.

9. PLAINTIFF STATES, THAT UNDER CRIMINAL LAW,---- COMMENCEMENT OF PROSECUTION PROVIDES: CODE § 4983, LIMITING PROSECUTIONS FOR MISDEMEANOR TO 12 MONTHS, AND SECTION 5122, PROVIDING FOR CONVICTION UPON ANY DEGREE LOWER THAN THE HIGHER OFFENSE CHARGED, CONSTRUED TO ENTITLE TO AN ACQUITTAL A PERSON NOT PROVED GUILTY OF THE FELONY CHARGED, AND NOT GUILTY, WITHIN TWELVE MONTHS, OF THE INCLUDED MISDEMEANOR.

THE CODE PROVIDES THAT ALL PROSECUTIONS FOR MISDEMEANORS, UNLESS OTHERWISE EXPRESSLY PROVIDED "SHALL" BE COMMENCED WITHIN TWELVE MONTHS NEXT AFTER THE OFFENSE HAS BEEN COMMITTED. 4983.

10. PLAINTIFF STATES, THAT THE CITIZEN HAS A RIGHT TO BE TRIED BY THE FORMS AND REQUIREMENTS OF THE LAW. IN THE ACCUSATION OF FELONY AGAINST HIM, HE IS ALSO ACCUSED OF A MISDEMEANOR. A CONVICTION OF THE MISDEMEANOR, CHARGED AND PROVEN TO HAVE BEEN COMMITTED MORE THAN ONE YEAR BEFORE THE FINDING OF THE BILL OF INDICTMENT, IS A NULLITY. HE CAN NOT BE PUNISHED FOR IT.

11. SHANNON'S CODE, §§ 6942, 6946, PROVIDING A ONE-YEAR LIMITATION UPON PROSECUTIONS FOR MISDEMEANORS, APPLIES TO MISDEMEANORS PROSECUTED BY INDICTMENT CHARGING FELONY, THE CHARGE OF FELONY IN THE INDICTMENT INCLUDING THE MISDEMEANOR.

12. PLAINTIFF STATES, THAT THIS STATUTE OF LIMITATION IS AS FOLLOWS: "ALL PROSECUTIONS FOR MISDEMEANORS, UNLESS OTHERWISE EXPRESSLY PROVIDED, SHALL BE COMMENCED WITHIN TWELVE MONTHS NEXT AFTER THE OFFENSE HAS BEEN COMMITTED." SHANNON'S CODE. 6942.

"A PROSECUTION IS COMMENCED, WITHIN THE MEANING OF THIS CHAPTER, BY THE ISSUANCE OF A WARRANT, OR BY BINDING OVER THE OFFENDER. "SHANNON'S CODE. 6946.

13. WHERE CRIME CHARGED WAS A FELONY, FIFTH AMENDMENT REQUIRED PROSECUTION TO BE BEGUN BY INDICTMENT. U.S.C.A. CONSTITUTION AMENDMENT 5.

14. AFTER AN INDICTMENT HAS BEEN RETURNED, ITS CHARGE MAY NOT BE BROADENED THROUGH AMENDMENT EXCEPT BY GRAND JURY ITSELF. U.S.C.A. CONSTITUTION AMENDMENT 5.

15. PLAINTIFF STATES, THAT A DEFENDANT WHO IS BOTH INDICTED FOR A FELONY THAT INCLUDES A MISDEMEANOR AND SUBSEQUENTLY ACQUITTED OF THE FELONY BUT CONVICTED OF THE MISDEMEANOR IS ENTITLED TO A DISCHARGE IF THE OFFENSE WAS COMMITTED MORE THAN ONE YEAR BEFORE THE INITIAL INDICTMENT.

COURTS MAY TAKE JUDICIAL NOTICE WHETHER REQUESTED OR NOT, AND MAY DO SO AT ANY STAGE OF THE PROCEEDING. RULES OF EVIDENCE RULE 201.

16. PLAINTIFF STATES, THAT IT IS THE PROSECUTION WHICH MUST BE COMMENCED WITHIN THE LIMITATIONS PERIOD, NOT THE FINDING OF THE INDICTMENT. WEST'S T.C.A. § 40-2-104.

17. STATUTE OF LIMITATIONS IN CRIMINAL MATTERS IS JURISDICTIONAL; INFORMATION THAT SHOWS ON ITS FACE THAT PROSECUTION IS BARRED BY STATUTE OF LIMITATIONS FAIL TO STATE PUBLIC OFFENSE, AND THAT POINT MAY BE RAISED AT ANY TIME, BEFORE OR AFTER JUDGMENT. WEST'S ANN. PEN. CODE, §1012.

18. PLAINTIFF STATES, THAT UNDER TENNESSEE LAW----- STATUTE OF LIMITATIONS TENNESSEE CODE ANNOTATED SECTION 40-2-104 (2006 & SUPP. 2007) DEFINES THE COMMENCEMENT OF A PROSECUTION AS FOLLOWS:

A PROSECUTION IS COMMENCED... BY FINDING AN INDICTMENT OR PRESENTMENT, THE ISSUING OF A WARRANT, THE ISSUING OF A JUVENILE PETITION ALLEGING A DELINQUENT ACT, BINDING OVER THE DEFENDANT, BY THE FILING OF AN INFORMATION... OR BY MAKING AN APPEARANCE IN PERSON OR THROUGH COUNSEL IN GENERAL SESSIONS OR ANY MUNICIPAL COURT FOR THE PURPOSE OF CONTINUING THE MATTER OR ANY OTHER APPEARANCE IN EITHER COURT FOR ANY PURPOSE INVOLVING THE OFFENSE.

SEE ALSO STATE V. FERRANTE, 269 S.W. 3D 908, 912 (TENN. 2008), STATE V. TAIT, 114 S.W. 3D 518, 522 (TENN. 2003) "IT IS THE PROSECUTION WHICH MUST BE COMMENCED WITHIN [THE LIMITATIONS PERIOD], NOT THE FINDING OF THE INDICTMENT." HICKEY, 174 S.W. AT 270.

SO LONG AS THE PROSECUTION BEGINS WITHIN THE PRESCRIBED LIMITATIONS PERIOD, A SUBSEQUENT INDICTMENT MAY ISSUE DESPITE AND DELAY. MOREOVER, IN STATE V. HARRIS, 33 S.W. 3D 767 (TENN. 2000), THIS COURT CONFIRMED THAT THE STATE HAD THE BROAD DISCRETION TO SEEK A SECOND OR SUPERSEDING INDICTMENT ON PRIOR CHARGES:

A SUPERSEDING INDICTMENT IS AN INDICTMENT OBTAINED WITHOUT THE DISMISSAL OF A PRIOR INDICTMENT. WHERE THERE HAS BEEN NO JEOPARDY ON THE FIRST INDICTMENT, A GRAND JURY MAY RETURN A NEW INDICTMENT AGAINST AN ACCUSED EVEN THOUGH ANOTHER INDICTMENT IS PENDING...

THUS, THE STATE MAY OBTAIN A SUPERSEDING INDICTMENT AT ANY TIME
PRIOR TO TRIAL WITHOUT DISMISSING THE PENDING INDICTMENT AND MAY
THEN SELECT THE INDICTMENT UNDER WHICH TO PROCEED AT TRIAL.

19. PLAINTIFF STATES, THAT SHANNON'S CODE, §§ 6942, 6946, PROVIDING A ONE-
YEAR LIMITATION UPON PROSECUTIONS FOR MISDEMEANORS, APPLIES TO
MISDEMEANORS PROSECUTED BY INDICTMENT CHARGING FELONY, THE
CHARGE OF FELONY IN THE INDICTMENT INCLUDING THE MISDEMEANOR.

THE STATUTE OF LIMITATION IS AS FOLLOWS:
"ALL PROSECUTIONS FOR MISDEMEANORS, UNLESS OTHERWISE EXPRESSLY
PROVIDED, SHALL BE COMMENCED WITHIN TWELVE MONTHS NEXT AFTER THE
OFFENSE HAS BEEN COMMITTED." SHANNON'S CODE, 6942.

"A PROSECUTION IS COMMENCED, WITHIN THE MEANING OF THIS CHAPTER, BY
THE ISSUANCE OF A WARRANT, OR BY BINDING OVER THE OFFENDER."
SHANNON'S CODE, 6946.

20. PLAINTIFF STATES THAT UNDER FEDERAL LAW THE APPLICABLE STATUTE
OF LIMITATIONS, 18 U.S.C. § 3282 PROVIDES:

"EXCEPT AS OTHERWISE EXPRESSLY PROVIDED BY LAW, NO PERSON SHALL BE
PROSECUTED, TRIED, OR PUNISHED FOR ANY OFFENSE, NOT CAPITAL, UNLESS

THE INDICTMENT IS FOUND OR THE INFORMATION IS INSTITUTED WITHIN FIVE YEARS NEXT AFTER SUCH OFFENSE SHALL HAVE BEEN COMMITTED."

21. PLAINTIFF STATES, THAT THERE IS AN ABSOLUTE BAR TO PROSECUTION AFTER THE STATUTE OF LIMITATIONS HAS RUN, AND THEREFORE THE STATUTE CAN BE ASSERTED AT ANY TIME, BEFORE OR AFTER JUDGMENT. SEE ALSO CRIMINAL LAW----NATURE AND SCOPE OF LIMITATIONS.

A CRIMINAL STATUTE OF LIMITATIONS IS DESIGNED TO PROTECT INDIVIDUALS WHEN THE BASIC FACTS HAVE BECOME OBSCURED BY TIME. TOUSSIE V. UNITED STATES, 397 U.S. 112, 114-115, 90 S. CT. 858, 859-860, 25 L. ED. 2D 156, 161 (1970); SUTHERLAND, 3 STATUTORY CONSTRUCTION § 70.03, P. 301, N. 2(4TH ED. 1974). BALANCED AGAINST THIS CONSIDERATION IS THE RIGHT OF THE PUBLIC TO HAVE CRIMINAL'S BROUGHT TO JUSTICE. OUR LEGISLATURE HAS DETERMINED THAT THE SOCIETAL INTEREST IN PUNISHING THE GUILTY IS SO STRONG WITH RESPECT TO CERTAIN CRIMES THAT THE COUNTERVAILING CONCERN OF PROTECTING PERSONS FROM PROSECUTION FOR CRIMES IN THE DISTANT PAST IS WHOLLY OVERCOME. AS TO ALL OFFENSES, THERE IS AN ABSOLUTE BAR TO PROSECUTION AFTER A SPECIFIED PERIOD. SEE IN RE PILLO, 11 N.J. 8, 17-18. (93 A. 2D 176)(1952); MOORE V. STATE, 43 N.J.L. 203, 209(E. & A. 1881).

22. PLAINTIFF STATES, THAT THE CRIME FOR WHICH HE WAS CONVICTED UPON ALL FELONY CHARGES OR FEDERAL OFFENSES, WERE CLEARLY BARRED BY THE

"STATUTE OF LIMITATION," UNDER FEDERAL LAW, (TITLE 18 U.S.C.A. § 3282), AND THAT THE STATUTE HAD RUN AGAINST ALL SUCH FELONY CHARGES. AND THAT THE CRIME FOR WHICH HE WAS CONVICTED UPON ALL MISDEMEANORS WERE ALSO CLEARLY BARRED BY THE "STATUTE OF LIMITATIONS," UNDER TENNESSEE LAW, (T.C.A. § 40-2-104), AND THAT THE STATUTE OF LIMITATIONS HAD RUN AGAINST MISDEMEANOR CHARGES.

AND IT IS STATED, THAT IN THIS CONNECTION, THAT THERE WAS NO VALID, OR LAWFUL, OR LEGAL "COMPLAINT FILED", AGAINST THE ACCUSED BEFORE THE UNITED STATES COMMISSIONER, OR A UNITED STATES MAGISTRATE JUDGE, OR A AUTHORIZED "JUDICIAL OFFICER" OF THE COURT, CHARGING THE ACCUSED WITH ANY OFFENSES AGAINST THE LAWS OF THE UNITED STATES, (18 U.S.C. §§ 1-6005); NOR ANY FELONY OR MISDEMEANOR CHARGES WHATSOEVER. THE OFFICIAL COMPLAINT FILING DATE, WHICH IS MADE UNDER AN "OATH" OR PENALTIES OF PERJURY, AND WHICH STARTS THE TIME OR LEGAL CRIMINAL PROCESS, WAS "KNOWINGLY" AND "WILLFULLY", OMITTED FROM THE RECORDS, OR WITHHELD, COVERED-UP AND "CONCEALED" FOR THE CALENDAR YEARS COVERING BETWEEN JANUARY 15TH, 2015, 16, 17, 18, 19, 20, 21, AND UPON THE FILING DATE OF THIS COMPLAINT, FEBRUARY 12th, 2022.

IT IS STATED, THAT THERE WAS (NO) CONSTITUTIONAL OFFICER OF THE COURT, WHETHER STATE OR FEDERAL COURT, THAT HAD "FILED" SUCH A COMPLAINT DATE, WHICH IS REQUIRED OR MANDATED BY LAW, TO START THE LEGAL

CRIMINAL PROCESS IN MOTION. THE DATE OF THE FILING OF THE PARTICULAR CRIMINAL ACTION TAKEN IN THE INSTANT CASE IS RELEVANT TO THE "STATUTE OF LIMITATION."

IN CRIMINAL ACTIONS, THE PURPOSE OF STATUTES OF LIMITATIONS IS TO AFFORD IMMUNITY FROM PUNISHMENT. THEY ARE A BAR TO THE RIGHT TO PROSECUTE. WHERE IT APPEARS UPON THE FACE OF INFORMATION THAT OFFENSE WAS NOT COMMITTED WITHIN THE PERIOD OF LIMITATION, INFORMATION IS DEMURRABLE. COMP. LAWS 1913, § 10522.

PLAINTIFF STATES, THAT IN CRIMINAL ACTIONS IT HAS BEEN STATED THAT THE PURPOSE OF STATUTES OF LIMITATIONS IS TO AFFORD IMMUNITY FROM PUNISHMENT, PEOPLE V. STEIGER, 154 MISC. 538, 277 N.Y.S. 602, 606, AND THAT STATUTES ARE CONSTRUED, IN CONTRADISTINCTION TO STATUTES OF REPOSE GOING TO THE REMEDY ONLY, BUT AS CREATING A BAR TO THE RIGHT OF PROSECUTION. STATE V. BILBAO, 38 IDAHO 92, 213 P. 1025, 222 P. 785; STATE V. STEENSLAND, 33 IDAHO 529, 195 P. 1080, 13 A.L.R. 1442; PEOPLE V. LEE, 356 111. 294, 190 N.E. 264; 22 C.J.S. CRIMINAL LAW § 223, PP. 350-351; 13 A.L.R., ANNOTATION, P. 1446 ET SEQ. AS STATED IN STATE V. STEENSLAND, SUPRA:

'STATUTES OF LIMITATION IN CRIMINAL CASES DIFFER FROM SUCH STATUTES IN CIVIL CASES, IN THAT IN CIVIL CASES THEY ARE STATUTES OF REPOSE, WHILE IN CRIMINAL CASES THEY CREATE A BAR TO THE PROSECUTION. 1

WHARTON, CRIM. PROC. 10TH ED. § 367, P. 415; MOORE V. STATE, 43 N.J.L. 203, 39 AM. REP. 558; 17 R.C.L. § 56, P. 704.'

PLAINTIFF STATES, THAT THE RIGHT TO DUE PROCESS OF LAW IS QUITE CLEARLY ESTABLISHED BY THE DUE PROCESS CLAUSE, AND ANY ACTION WHICH VIOLATES THAT CLAUSE, VIOLATES A CLEARLY ESTABLISHED RIGHT. AND THE SAME COULD BE SAID OF ANY OTHER CONSTITUTIONAL OR STATUTORY VIOLATION. THE PLAINTIFFS' INTEREST IN VINDICATION OF CITIZENS' CONSTITUTIONAL RIGHTS AND IN THE "NON-PUBLIC PROSECUTING ATTORNEY" PERFORMANCE OF AN ILLEGAL DUTY, FUNCTION AND RESPONSIBILITY, UPON WHICH SUCH CONDUCT GAVE RISE TO LIABILITY FOR DAMAGES. THE UNLAWFULNESS OF THE "NON-PUBLIC PROSECUTING ATTORNEY" ONE JOHN C. ZIMMERMANN BPR#009723, WAS CLEARLY APPARENT, AND THAT SUCH EMPLOYEE WELL KNEW AND UNDERSTOOD THAT WHAT HE HAD DONE, VIOLATES THAT RIGHT. THE "NON-PUBLIC PROSECUTING ATTORNEY" WELL KNEW THE CONSTITUTION AND LAWS OF ITS OWN STATE, AS WELL AS THE CONSTITUTION OF THE UNITED STATES AND THE LAWS OF THE UNITED STATES GOVERNMENT.

THE "NON-PUBLIC PROSECUTING ATTORNEY", AS MUCH AS ANY OTHER PERSON, IS PRESUMED TO KNOW THE LAW AND THE LEGAL RESULTS OF HIS OFFICIAL ACTS. HE SHOULD HAVE KNOWN THE LEGAL EFFECT OF "FIXING AND FALSIFYING" OF ALL PUBLIC RECORDS, FROM FELONY COMPLAINT TO FELONY

IMPRISONMENT AND HE SHOULD HAVE GOVERNED HIMSELF ACCORDINGLY. AS STATED IN PENDERGAST V. UNITED STATES, 317 U.S. 412, 63 S. CT. 268, 271, 87 L. ED. 368, A STATUTE OF LIMITATION OF PROSECUTION, IN A CRIMINAL CASE, IS AN ACT OF GRACE ON THE PART OF THE SOVEREIGN BY WHICH A SOVEREIGN SURRENDERS ITS RIGHT TO PROSECUTE.

WHERE AN AFFIDAVIT CHARGING A MISDEMEANOR IS FILED AFTER THE EXPIRATION OF THE TIME OF PROSECUTION PROVIDED BY A STATUTE OF LIMITATIONS, THE TRIAL COURT IS WITHOUT JURISDICTION TO ENTERTAIN SUCH ACTION TAKEN TO THE OFFENSE IS A NULLITY.

PLAINTIFF STATES, THAT UNDER CRIMINAL LAW, IT PROVIDES, "THAT NO PERSON OR PERSONS SHALL BE PROSECUTED, TRIED OR PUNISHED FOR TREASON OR OTHER CAPITAL OFFENCE AFORESAID, WILLFUL MURDER OR FORGERY EXPECTED; UNLESS THE INDICTMENT FOR THE SAME SHALL BE FOUND BY A GRAND JURY WITHIN THREE YEARS NEXT AFTER THE TREASON OR CAPITAL OFFENCE AFORESAID SHALL BE DONE OR COMMITTED: NOR SHALL ANY PERSON BE PROSECUTED, TRIED OR PUNISHED FOR ANY OFFENCE NOT CAPITAL, NOR FOR ANY FINE OR FORFEITURE UNDER ANY PENAL STATUTE, UNLESS THE INDICTMENT OR INFORMATION FOR THE SHALL ACCUSED SHALL BE FOUND OR INSTITUTED WITHIN TWO YEARS FROM THE TIME OF COMMITTING THE OFFENCE, OR INCURRING THE FINE OR FORFEITURE AFORESAID. (SEE ALSO TITLE 18 U.S.C. § 3282).

PLAINTIFF STATES, THAT INFORMATION'S ARE OF TWO SORTS: - <u>THOSE IN BEHALF OF THE UNITED STATES AND THE INFORMER; AND THOSE IN BEHALF OF THE UNITED STATES ALONE.</u>

THEY ARE CONSIDERED AS CRIMINAL PROCESS. THE ACT DESCRIBES ONLY SUCH OFFENCES AS ARE TO BE PROSECUTED BY INDICTMENT OR INFORMATION; FOR THE WORDS ARE "UNLESS THE INDICTMENT OR INFORMATION FOR THE SAME SHALL BE FOUND OR INSTITUTED," HENCE IT IS APPARENT THAT THE LEGISLATURE MEANT TO LIMIT ONLY PROSECUTIONS OF THAT KIND.

THE ACT OF CONGRESS ON WHICH THE PLAINTIFF RELIES IS ENTITLED, "AN ACT FOR THE PUNISHMENT OF CERTAIN CRIMES AGAINST THE UNITED STATES." THE LIMITATION IT CONTAINS IS INTENDED TO BE A LIMITATION OF CRIMINAL PROSECUTIONS. LORD MANSFIELD, IN THE CASE OF ATCHESON V. EVERITT, COWPER, 391, SAYS "NOW, THERE IS NO DISTINCTION BETTER KNOWN, THAN THE DISTINCTION BETWEEN CIVIL AND CRIMINAL LAW; OR BETWEEN CRIMINAL PROSECUTIONS AND CIVIL ACTIONS. MR. JUSTICE BLACKSTONE AND ALL MODERN AND ANCIENT WRITERS UPON THE SUBJECT DISTINGUISH BETWEEN THEM. PENAL ACTIONS WERE NEVER YET PUT UNDER THE HEAD OF CRIMINAL LAW, OR CRIMES.

EVERY STATUTE OF LIMITATIONS, OF COURSE, MAY PERMIT A ROGUE TO ESCAPE. YET AS CHIEF JUSTICE MARSHALL OBSERVED IN ADAMS V. WOODS, SUPRA, 2 CRANCH [336] AT PAGE 342, 2 L. ED. 297, 'NOT EVEN TREASON AN BE PROSECUTED AFTER A LAPSE OF THREE YEARS.'

PLAINTIFF STATES, THAT THIS COURT, HAS THE INHERENT POWER TO VACATE A JUDGMENT AT ANY TIME THAT WAS OBTAINED THROUGH A FRAUD COMMITTED UPON THE COURT, DECEPTION, OR COLLUSION. CRIMINAL PROSECUTION OF AN ACCUSED BY THE STATE THROUGH A REPRESENTATIVE WHO IS UNAUTHORIZED TO PRACTICE LAW CAN BE NEITHER IGNORED NOR CONDONED. WHERE ARE NOT LICENSED TO PRACTICE LAW HAS INSTITUTED LEGAL PROCEEDINGS ON BEHALF OF ANOTHER IN A COURT OF RECORD, SUCH ACTION SHOULD BE DISMISSED, AND IF THE ACTION HAS PROCEEDED TO JUDGMENT, THE JUDGMENT IS VOID AND WILL BE REVERSED.

THE COURT WOULD BE DUTY BOUND TO REST DISMISSAL OF ALL CRIMINAL ACTIONS THAT HAD BEEN TAKEN AGAINST THE ACCUSED AND TO ORDER AN IMMEDIATE EXPUNGEMENT OF ALL CRIMINAL RECORDS AND ALL PUBLIC RECORDS THAT WERE OBTAINED BY WAY AND MEANS OF FRAUD AND FALSE STATEMENTS, DECEPTION, COLLUSION AND CORRUPTION MADE, FROM FELONY COMPLAINT TO FELONY IMPRISONMENT. AND TO ORDER AN IMMEDIATE RELEASE AND DISCHARGE OF THE PLAINTIFF FROM "ILLEGAL" CUSTODY AND DETENTION.

[PLAN FOR APPLICATION FOR APPOINTMENT OF COUNSEL PURSUANT TO
THE CRIMINAL JUSTICE ACT]
U.S. DISTRICT CT. RULES M.D. TENN., CJA PLAN
TENNESSEE FEDERAL COURT RULES CURRENTNESS
UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
CRIMINAL JUSTICE ACT PLAN
PLAN FOR APPLICATION FOR APPOINTMENT OF COUNSEL PURSUANT TO THE
CRIMINAL JUSTICE ACT

PLAINTIFF STATES, THAT THE ABOVE CITED FEDERAL STATUTE OR FEDERAL

LAW, AND UPON ITS AUTHORITY, POLICY, ELIGIBILITY FOR APPOINTED

REPRESENTATION, FINANCIAL ELIGIBILITY, TIMELY APPOINTMENT OF COUNSEL,

FEDERAL PUBLIC DEFENDER'S ORGANIZATION, AND THE CJA PANEL OF PRIVATE

ATTORNEY'S, THAT SUCH FEDERAL STATUTE OR FEDERAL LAW AS IT PROVIDES

IN RELEVANT PARTS AS FOLLOWS:

## I. AUTHORITY

THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE <u>MIDDLE</u>

<u>DISTRICT</u> OF TENNESSEE, AS REQUIRED BY THE CRIMINAL JUSTICE ACT (CJA) OF

1964, AS AMENDED, 18 U.S.C. SEC. 3006A, AND THE GUIDE TO JUDICIARY POLICY,

VOLUME 7, PART A, WITH THE APPROVAL OF THE JUDICIAL COUNCIL OF THE

SIXTH CIRCUIT, HAVE ADOPTED THIS PLAN, APPLICABLE TO BOTH THE WESTERN

AND EASTERN DIVISIONS, FOR FURNISHING REPRESENTATION  IN FEDERAL

COURT FOR PERSONS WHO ARE FINANCIALLY UNABLE TO OBTAIN ADEQUATE

REPRESENTATION IN ACCORDANCE WITH THE CJA.

## II. POLICY

ANY PERSON WHO IS FINANCIALLY UNABLE TO OBTAIN REPRESENTATION AND WHO IS ELIGIBLE FOR APPOINTED REPRESENTATION SHALL BE PROVIDED COUNSEL AND RELATED SERVICES PURSUANT TO 18 U.S.C.A. SEC. 3006A. COUNSEL FURNISHING REPRESENTATION SHALL BE SELECTED FROM THE OFFICE OF THE FEDERAL PUBLIC DEFENDER OR FROM THE CRIMINAL JUSTICE ACT PANEL (CJA PANEL). REPRESENTATION UNDER THIS PLAN SHALL INCLUDE COUNSEL AND INVESTIGATIVE, EXPERT, AND OTHER SERVICES NECESSARY FOR ADEQUATE REPRESENTATION.

THIS PLAN WILL BE POSTED ON THE COURTS WEB SITE AND A COPY WILL BE PROVIDED TO EACH PRIVATE ATTORNEY UPON THE ATTORNEY'S FIRST CASE APPOINTMENT UNDER THE CJA OR THAT ATTORNEY'S APPOINTMENT TO THE CJA PANEL.

## III. ELIGIBILITY FOR APPOINTED REPRESENTATION

PROVIDES IN PART AS FOLLOWS:

A. SUBJECT MATTER ELIGIBILITY.

1. REPRESENTATION "MUST" BE PROVIDED FOR (ALL) FINANCIALLY ELIGIBLE PERSONS UNABLE TO OBTAIN ADEQUATE REPRESENTATION WHO ARE:

A. CHARGED WITH A (FELONY) OR CLASS A MISDEMEANOR;

H. IN CUSTODY AS A MATERIAL WITNESS;

K. ENTITLED TO APPOINTMENT OF COUNSEL UNDER THE SIXTH AMENDMENT TO THE CONSTITUTION; OR

L. FACING LOSS OF LIBERTY IN A CASE AND FEDERAL LAW REQUIRES THE APPOINTMENT OF COUNSEL.

2. REPRESENTATION MAY BE PROVIDED FOR A FINANCIALLY ELIGIBLE PERSON WHO:

A. IS CHARGED WITH A CLASS B OR C MISDEMEANOR OR AN INFRACTION FOR WHICH A SENTENCE TO CONFINEMENT IS AUTHORIZED;

E. HAS BEEN ADVISED THAT THEY ARE THE TARGET OF A GRAND JURY INVESTIGATION;

3. REPRESENTATION MAY ALSO BE PROVIDED FOR FINANCIALLY ELIGIBLE PERSONS IN ANCILLARY MATTERS APPROPRIATE TO THE CRIMINAL PROCEEDINGS UNDER 18 U.S.C. 3006A(C). IN DETERMINING WHETHER REPRESENTATION IN AN ANCILLARY MATTER IS APPROPRIATE TO THE CRIMINAL PROCEEDINGS, THE COURT SHOULD CONSIDER WHETHER SUCH REPRESENTATION IS REASONABLY NECESSARY TO:

A. PROTECT A CONSTITUTIONAL RIGHT;

B. CONTRIBUTE IN SOME SIGNIFICANT WAY TO THE DEFENSE OF THE PRINCIPAL CRIMINAL CHARGE;

C. AID IN PREPARATION FOR THE TRIAL OR DISPOSITION OF THE PRINCIPAL CRIMINAL CHARGE;

B. FINANCIAL ELIGIBILITY.

1. ELIGIBILITY FOR REPRESENTATION UNDER THE CJA IS A JUDICIAL FUNCTION TO BE PERFORMED BY A DISTRICT OR MAGISTRATE JUDGE AFTER MAKING APPROPRIATE INQUIRES CONCERNING A PERSONS FINANCIAL ELIGIBILITY. IN DETERMINING WHETHER A PERSON IS FINANCIALLY UNABLE TO OBTAIN COUNSEL, THE JUDICIAL OFFICER MAY CONSIDER STATEMENTS MADE UNDER OATH BY THE PERSON IN THE PRESENCE OF THE JUDICIAL OFFICER OR RELEVANT INFORMATION CONTAINED IN A SIGNED FINANCIAL ELIGIBILITY AFFIDAVIT (FORM CJA 23);

2. THE COURT, IN ITS DISCRETION, WILL DETERMINE WHETHER A PERSON ENTITLED TO REPRESENTATION WILL BE REPRESENTED BY THE FEDERAL PUBLIC DEFENDER OR BY A CJA PANEL ATTORNEY;

3. APPOINTMENT OF COUNSEL MAY BE RETROACTIVE TO INCLUDE REPRESENTATION PRIOR TO APPOINTMENT;

## IV. TIMELY APPOINTMENT OF COUNSEL

A. <u>THE COURT</u>. COUNSEL MUST BE PROVIDED TO ELIGIBLE PERSONS AS SOON AS IS FEASIBLE AFTER THEY ARE TAKEN INTO CUSTODY, WHEN THEY APPEAR BEFORE A DISTRICT OR MAGISTRATE JUDGE, WHEN THEY ARE FORMALLY CHARGED OR NOTIFIED OF CHARGES IF FORMAL CHARGES ARE SEALED, OR WHEN A DISTRICT OR MAGISTRATE JUDGE OTHERWISE CONSIDERS APPOINTMENT OF COUNSEL APPROPRIATE UNDER THE CJA AND RELATED STATUTES, WHICHEVER OCCURS EARLIEST. THE COURT, IN COOPERATION WITH THE FEDERAL PUBLIC DEFENDER AND THE UNITED STATES ATTORNEY, WILL MAKE SUCH ARRANGEMENTS WITH FEDERAL, STATE, AND LOCAL INVESTIGATIVE AND POLICE AGENCIES AS WILL ENSURE TIMELY APPOINTMENT OF COUNSEL.

B. <u>FEDERAL LAW ENFORCEMENT</u>. TO FACILITATE THE TIMELY APPOINTMENT OF COUNSEL, FEDERAL LAW ENFORCEMENT IS OBLIGATED TO PROMPTLY NOTIFY THE COURT WHEN AN INDIVIDUAL WHO HAS BEEN ARRESTED IS REQUESTING COUNSEL BE APPOINTED.

C. <u>UNITED STATES ATTORNEY'S OFFICE</u>. THE UNITED STATES ATTORNEY'S OFFICE MUST PROMPTLY NOTIFY THE COURT WHEN AN INDICTMENT IS RETURNED OR UNSEALED, WHEN A CRIMINAL INFORMATION IS FILED, OR WHEN A TARGET LETTER HAS BEEN ISSUED.

D. PRETRIAL SERVICE OFFICE. COUNSEL MUST BE APPOINTED PRIOR TO, AND BE PRESENT FOR, THE PRETRIAL SERVICES INTERVIEW OF A FINANCIALLY ELIGIBLE PERSON AS SOON AS IS FEASIBLE UNLESS THE RIGHT TO COUNSEL HAS BEEN WAIVED OR THE ACCUSED OTHERWISE CONSENTS.

## V. FEDERAL PUBLIC DEFENDER ORGANIZATION
### PROVIDES IN PART AS FOLLOWS:

A. ESTABLISHMENT. THE FEDERAL PUBLIC DEFENDER'S OFFICE (FPDO) IS RESPONSIBLE FOR RENDERING DEFENSE SERVICES ON APPOINTMENT;

B. STANDARDS. SERVICES RENDERED BY THE FEDERAL PUBLIC DEFENDER'S OFFICE MUST BE CONSISTENT WITH THE BEST PRACTICES OF THE LEGAL PROFESSION AND COMMENSURATE WITH THOSE SERVICES RENDERED WHEN COUNSEL IS PRIVATELY RETAINED;

C. PROFESSIONAL CONDUCT. THE FEDERAL PUBLIC DEFENDERS OFFICE MUST CONFORM TO THE HIGHEST STANDARDS OF PROFESSIONAL CONDUCT, INCLUDING BUT NOT LIMITED TO THE AMERICAN BAR ASSOCIATION'S MODEL RULES OF PROFESSIONAL CONDUCT, CODE OF CONDUCT FOR FEDERAL PUBLIC DEFENDERS EMPLOYEES. TENNESSEE RULES OF PROFESSIONAL CONDUCT AND THE RULES OF PRACTICE ADOPTED BY THIS COURT;

D. <u>ADMINISTRATION</u>. THE FEDERAL PUBLIC DEFENDERS SHALL BE RESPONSIBLE FOR ORGANIZING, SUPERVISING, AND MANAGING, THE FPDO;

E. <u>CASE ASSIGNMENT</u>. ALL PERSONS THAT ARE REFERRED BY A DISTRICT OR MAGISTRATE JUDGE TO THE FPDO FOR PURPOSES OF REPRESENTATION ARE ASSIGNED TO THE FEDERAL PUBLIC DEFENDER WHO IS RESPONSIBLE FOR THE SUBSEQUENT ASSIGNMENT TO ASSISTANT DEFENDERS IN THE FPDO.

ALL PERSONS THAT ARE REFERRED BY A DISTRICT OR MAGISTRATE JUDGE TO THE FPDO FOR PURPOSES OF REPRESENTATION ARE ASSIGNED TO THE FEDERAL PUBLIC DEFENDER WHO IS RESPONSIBLE FOR THE SUBSEQUENT ASSIGNMENT TO ASSISTANT DEFENDERS IN THE FPDO;

## VI. CJA PANEL OF PRIVATE ATTORNEYS

1. ESTABLISHMENT AND SIZE OF THE CJA PANEL. A CJA PANEL OF PRIVATE ATTORNEY'S WHO ARE ELIGIBLE AND WILLING TO BE APPOINTED TO PROVIDE REPRESENTATION UNDER THE CJA WILL BE ESTABLISHED FOR EACH DIVISION. THE CJA PANEL FOR THE <u>WESTERN</u> DISTRICT SHALL CONTAIN NO MORE THAN FIFTY ATTORNEYS. THE CJA PANEL FOR THE <u>EASTERN</u> DIVISION SHALL CONTAIN NO MORE THAN TWENTY ATTORNEYS. THE COURT MAY ADJUST THE SIZE OF THE CJA PANEL IN EITHER DIVISION AS THE DISTRICTS CASELOAD

NECESSITATES AND TO SECURE CJA PANEL ATTORNEYS RECEIVE ENOUGH CASES TO MAINTAIN THEIR PROFICIENCY.

PLAINTIFF STATES, THAT UPON THE ABOVE CITED FEDERAL STATUTE OR FEDERAL LAW, AND UPON THE "RULE OF LAW", OF ITS OWN STATE AND FEDERAL GOVERNMENT, (PLAN FOR APPOINTMENT OF COUNSEL PURSUANT TO THE CRIMINAL JUSTICE ACT, U.S. DISTRICT CT. RULES M.D. TENN., CJA PLAN, TENNESSEE FEDERAL COURT RULES CURRENTNESS).; THAT SUCH LAW ON ITS FACE, CLEARLY IMPLICATES AND INCRIMINATES EACH AND EVERY DEFENDANT KNOWN AND UNKNOWN IN THIS PARTICULAR CIVIL RIGHTS COMPLAINT. THIS WELL ESTABLISHED "RULE OF LAW" OF ITS OWN STATE AND FEDERAL GOVERNMENT IS THE FOUNDATION BY WHICH THIS CIVIL RIGHTS COMPLAINT IS INITIATED. A COPY OF THIS PARTICULAR FEDERAL STATUTE OR FEDERAL LAW IS ATTACHED TO THIS CIVIL RIGHTS COMPLAINT AND IS MARKED AS "EXHIBIT A" FOR REVIEW. THIS PARTICULAR FEDERAL STATUTE OR FEDERAL LAW CLEARLY ESTABLISHES THE EVIDENCE, THE FACTS AND THE LAW, AND PROOF BEYOND A REASONABLE DOUBT.

EFFECTIVE JUNE 23, 1998

REVISED OCTOBER 5, 2010

## APPLICATION FOR APPOINTMENT OF COUNSEL

1. APPLICATION IS MADE BY THE PLAINTIFF IN THIS PARTICULAR TITLE AND CAUSE OF ACTION FOR THE APPOINTMENT OF COUNSEL AND PURSUANT TO THE PLAN FOR APPOINTMENT OF COUNSEL FOR PRO-SE INDIGENT PARTIES IN CIVIL CASES OF THE UNITED STATES DISTRICT COURT FOR THE <u>MIDDLE DISTRICT</u> OF TENNESSEE.

2. THE PLAN FOR APPOINTMENT OF COUNSEL FOR PRO SE INDIGENT PARTIES I CIVIL CASES OF THE UNITED STATES DISTRICT COURT FOR THE <u>MIDDLE DISTRICT</u> OF TENNESSEE.

## PREAMBLE

THE JUDGES OF THE UNITED STATES COURT FOR THE <u>MIDDLE DISTRICT</u> OF TENNESSEE, IN ORDER TO ENCOURAGE GREATER REPRESENTATION OF PRO SE INDIGENT PARTIES IN CIVIL CASES, HEREBY ADOPT THIS PLAN, APPLICABLE TO BOTH THE WESTERN AND EASTERN DIVISIONS, TO INCREASE THE NUMBER OF ATTORNEYS AN THE CIVIL PRO BONO PANEL, TO GOVERN THE APPOINTMENT OF COUNSEL FROM THE PANEL, TO CREATE A PRO BONO FUND FOR REIMBURSEMENT OF EXPENSES, AND TO ESTABLISH GUIDELINES FOR SUCH REIMBURSEMENT. (ID. AT THE PLAN FOR APPOINTMENT OF COUNSEL FOR PRO SE INDIGENT PARTIES IN CIVIL CASES OF THE UNITED STATES ET SEQ.)

EFFECTIVE JUNE 23, 1998

REVISED OCTOBER 5, 2010

[APPLICATION FOR APPOINTMENT OF COUNSEL]

1. PLAINTIFF IN THIS PARTICULAR CRIMINAL MATTER, TITLE AND CAUSE OF ACTION, THAT HAD BEEN COMPLETED BY LAW, STATES, THAT HE HAS NEVER BEEN APPOINTED ANY VALID, OR LAWFUL, OR LEGAL REPRESENTATION OR APPOINTMENT OF COUNSEL THAT WAS MADE BY ANY ARTICLE III COURT OR JUDGE, OR BY THE PLAN FOR APPOINTMENT OF COUNSEL PURSUANT TO THE CRIMINAL JUSTICE ACT, AS SUCH IS REQUIRED OR MANDATED BY LAW, FOR "ALL" FINANCIALLY ELIGIBLE PERSONS UNABLE TO OBTAIN ADEQUATE REPRESENTATION WHO ARE CHARGED WITH A "(FELONY) OR CLASS A MISDEMEANOR."

2. PLAINTIFF ALSO STATES, THAT IN THE PARTICULAR CRIMINAL MATTER COMPLETED BY LAW, IT IS THAT THE STATE GOVERNMENT COUNTY COURTHOUSE, EMPLOYEES, STAFF, CLERK OF COURT, COURT OR JUDGE, ADMINISTRATION HEAD AND "JURISDICTION," HAD CLEARLY CHARGED THE ACCUSED UPON "FELONY" CHARGE(S), COMPLAINT(S), ARREST WARRANT, INDICTMENT(S), CONVICTION(S), AND IMPRISONMENT IN SUCH COURT ACTIONS AND PURSUANT TO 18 U.S.C.A. §. 3006A (a)(1)(A).

3. THE COURT, IN THIS PARTICULAR CONNECTION, DID NOT PROVIDE THE ACCUSED WITH ANY TIMELY APPOINTMENT OF COUNSEL, AS SUCH IS REQUIRED OR MANDATED BY LAW. COUNSEL MUST BE PROVIDED TO ELIGIBLE PERSONS

AS SOON AS IS FEASIBLE AFTER THEY ARE TAKEN INTO "CUSTODY." THE ACCUSED HAD BEEN TAKEN INTO "CUSTODY", ON, <u>JANUARY 15TH, 2015</u>, AND UPON THE REQUIRED OR MANDATORY AUTHORITY OF TITLE 28 U.S.C. §. 531 "(b)(1)(A)(C)(3)(c)(1)(A-D) WHICH SUCH FEDERAL STATUTE OR FEDERAL LAW PROVIDES IN RELEVANT PARTS FOR THE COMPUTERIZED IDENTIFICATION SYSTEMS THAT ARE COMPATIBLE AND INTEGRATED WITH THE DATABASES OF THE NATIONAL CRIME INFORMATION CENTER OF THE FEDERAL BUREAU OF INVESTIGATION; AND FOR THE AUTOMATED FINGERPRINT IDENTIFICATION SYSTEMS THAT ARE COMPATIBLE AND INTEGRATED WITH THE INTEGRATED AUTOMATED FINGERPRINT IDENTIFICATION SYSTEM (IAFIS) OF THE FEDERAL BUREAU OF INVESTIGATION; AND THAT A STATE MAY ENTER INTO A COMPACT OR COMPACTS WITH ANOTHER STATE OR STATES TO CARRY OUT THIS SUBSECTION; <u>AND IT IS STATED, THAT THE STATE OF TENNESSEE</u> HAD ENTERED <u>INTO SUCH A COMPACT WITH THAT OF THE FEDERAL BUREAU OF INVESTIGATION TO COMPLY WITH THE FEDERAL STATUTE OR FEDERAL LAW.</u>

<u>IT IS ALSO STATED, THE STATE IDENTIFIED ABOVE OR THROUGHOUT DID RECEIVE THE FEDERAL BUREAU OF INVESTIGATION FUNDING AUTHORIZATIONS, FOR THE SPECIFIC "COMPUTERIZED", IDENTIFICATION SYSTEM OF RECORDS, OR THE "(IAFS)", OF THE FEDERAL BUREAU OF INVESTIGATION (ID. AT TITLE 28 U.S.C. SEC. 531 FEDERAL BUREAU OF INVESTIGATION FUNDING AUTHORIZATIONS ET SEQ.)</u>

4. THE ACCUSED NOW PLAINTIFF, HAD NEVER APPEARED BEFORE ANY "ARTICLE III, SEC. I, COURT OR JUDGE," WHEN HE WAS FORMALLY CHARGED OR NOTIFIED OF CHARGES IF FORMAL CHARGES ARE SEALED, OR WHEN AN ARTICLE III, SEC I, COURT OR JUDGE OTHERWISE CONSIDERS APPOINTMENT OF COUNSEL APPROPRIATE UNDER THE CJA AND RELATED STATUTES, WHICHEVER OCCURS EARLIEST. NO ARTICLE III, SEC I, COURT OR JUDGE, OR ANY OTHER AUTHORIZED COURT OR LAW OR RECORD, WAS IN COMPLIANCE OR IN COOPERATION WITH THE "FEDERAL PUBLIC DEFENDER AND THE UNITED STATES ATTORNEY," TO MAKE SUCH ARRANGEMENTS WITH FEDERAL, STATE, AND LOCAL INVESTIGATIVE AND POLICE AGENCIES AS WILL ENSURE "TIMELY APPOINTMENT OF COUNSEL," AND UPON WHICH ALL "FELONY" CHARGE(S), COMPLAINT(S), ARREST WARRANT, INDICTMENT(S), CONVICTION(S), AND IMPRISONMENT WERE CHARGED, RENDERED AND "LODGED", BY THE STATE GOVERNMENT COUNTY-COURTHOUSE, EMPLOYEES, STAFF, CLERK OF COURT, COURT OR JUDGE, ADMINISTRATION HEAD AND "JURISDICTION"; (18 U.S.C.A. §. 3006A(a)(1)(A)).


5. <u>ASSIGNMENT OF CASES TO JUDGES.</u> PLAINTIFF STATES, THAT IN THIS PARTICULAR CONNECTION, THAT THERE WAS "NO VALID OR LAWFUL OR LEGAL FELONY CASES UPON FILING;" NOR HAD ANY SUCH FELONY CASE FILING BEEN ASSIGNED TO A "DISTRICT COURT JUDGE AND MAGISTRATE JUDGE," WHO SHALL CONTINUE IN THE CASE OR MATTER UNTIL ITS FINAL DISPOSITION.

ALL INITIAL PAPERS IN CASES "SHALL BE FIRST FILED IN THE OFFICE OF THE CLERK WHO "SHALL" STAMP ON THE COMPLAINT, PETITION, OR OTHER INITIAL PAPER OF EACH CASE SO FILED, THE NUMBER OF THE CASE AND THE NAMES OF THE DISTRICT JUDGE AND MAGISTRATE JUDGE TO WHOM IT IS ASSIGNED. THE NUMBERING AND ASSIGNMENT OF EACH CASE SHALL BE COMPLETED BEFORE PROCESSING OF THE NEXT CASE IS COMMENCED.

THE CLERK "SHALL" USE AUTOMATED OR MANUAL MEANS TO ASSIGN NEW CASES TO DISTRICT JUDGES AT RANDOM IN ACCORDANCE WITH ADMINISTRATIVE ORDERS ISSUED BY THE COURT FROM TIME TO TIME. THE CLERK SHALL MARK THE NAME OF THE ASSIGNED DISTRICT JUDGE ON THE FIRST DOCUMENT OF THE CASE AND PRESERVE A RECORD OF SUCH ASSIGNMENTS.

28 U.S.C.A., 28 U.S.C. SEC. 1746 UNSWORN
DECLARATIONS UNDER PENALTY OF PERJURY

I, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT, THAT THIS DOCUMENT WAS PLACED IN THE UNITED STATES POSTAL MAIL BOX PROVIDED FOR BY THE PRISON MAILING SYSTEM, ON THIS 12th DAY OF FEBRUARY, 2022; OR WITHIN (3) THREE FILING DAYS.

BY:(S) _____

_Jamarr Kuilan_

28 U.S.C. SEC. 1746 UNSWORN DECLARATIONS UNDER PENALTY OF PERJURY.

WHENEVER UNDER ANY LAW OF THE UNITED STATES OR UNDER ANY RULE, REGULATION, ORDER, OR REQUIREMENT MADE PURSUANT TO LAW, MATTER IS REQUIRED OR PERMITTED TO BE SUPPORTED, EVIDENCED, ESTABLISHED OR PROVED BY THE SWORN DECLARATION, VERIFICATION, CERTIFICATE, STATEMENT, OATH, OR AFFIDAVIT, IN WRITING OF THE PERSON MAKING THE SAME (OTHER THAN A DEPOSITION OR AN OATH OF OFFICE OR AN OATH REQUIRED TO BE TAKEN BEFORE A SPECIFIED OFFICIAL OTHER THAN A NOTARY REPUBLIC), SUCH MATTER MAY, WITH THE LIKE FORCE AND EFFECT, BE SUPPORTED, EVIDENCED, ESTABLISHED, OR PROVED BY THE UNSWORN DECLARATION, CERTIFICATE, VERIFICATION, OR STATEMENT, IN WRITING OF SUCH PERSON WHICH IS SUBSCRIBED BY HIM, AS TRUE AND UNDER PENALTY OF PERJURY, AND DATED, IN SUBSTANTIALLY THE FOLLOWING:

"I DECLARE (OR CERTIFY, VERIFY, OR STATE) UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."

EXECUTED ON: _February 12th, 2022_

FEBRUARY 12th, 2022

BY:(S) _Jamarr Kuilan_

JAMARR JUAN KUILAN

JAMARR JUAN KUILAN# 462346

T.C.I.X.          (3A-118)

1499 R.W. MOORE MEMORIAL HWY.

ONLY, TN 37140

VII.                        RELIEF

1. PLAINTIFF STATES, THAT THE FEDERAL CONSTITUTION IS A LAW FOR RULERS AND PEOPLE, EQUALLY IN WAR AND IN PEACE, AND COVERS WITH THE SHIELD OF IT PROTECTS ALL CLASSES OF MEN, AT ALL TIMES, AND UNDER ALL CIRCUMSTANCES.

2. A PURPOSE OF THE CONSTITUTION WAS TO PROTECT THE FUNDAMENTAL RIGHTS OF THE INDIVIDUAL AGAINST EXPERIMENTS BY THE GOVERNMENT.

3. BECAUSE SIXTH AMENDMENT RIGHTS ARE BASIC TO THE ADVERSARY SYSTEM OF CRIMINAL JUSTICE THEY ARE PART OF THE DUE PROCESS OF LAW THAT IS GUARANTEED BY THE FOURTEENTH AMENDMENT TO DEFENDANTS IN THE CRIMINAL COURTS OF THE STATES U.S. CONST. AMENDS 6, 14.

4. <u>DISTRICT AND PROSECUTING ATTORNEYS:</u>

PLAINTIFF STATES, THAT UNITED STATES ATTORNEYS, APPOINTED BY THE PRESIDENT AND CONFIRMED BY THE SENATE, IS CHIEF FEDERAL LAW ENFORCEMENT OFFICIAL FOR JUDICIAL DISTRICT HE SERVES AND IS RESPONSIBLE FOR PROSECUTION OF ALL OFFENSES AGAINST UNITED STATES WITHIN HIS DISTRICT; ASSISTANT UNITED STATES ATTORNEY IS APPOINTED BY

ATTORNEY GENERAL TO AID UNITED STATES ATTORNEY IN CARRYING OUT HIS

DUTIES. 28 U.S.C.A. §§ 541, 542, 547.

5. PLAINTIFF STATES, THAT REQUIREMENT OF SIGNATURE OF UNITED STATES

ATTORNEY ON INDICTMENT IS FOR PURPOSE OF EVIDENCING JOINDER OF

ATTORNEY FOR THE UNITED STATES WITH GRAND JURY IN INSTITUTING

CRIMINAL PROCEEDING IN COURT AND WITHOUT HIS SIGNATURE THERE CAN BE

NO CRIMINAL PROCEEDING BROUGHT UPON AN INDICTMENT. FED. RULES. CRIM.

PROC. RULE 7(c), 18 U.S.C.A.

(a) SUBSTANTIAL COMPLIANCE WITH RULE REQUIRING SIGNING OF INDICTMENT

BY ATTORNEY FOR GOVERNMENT MEETS REQUIREMENTS OF THE RULE. FED.

RULES CRIM. PROC. RULE 7(c), 18 U.S.C.A.

(b) SIGNATURE OF GOVERNMENT ATTORNEY IS NECESSARY TO VALIDITY OF

INDICTMENT AND AFFIXING OR WITHDRAWING OF SIGNATURE IS A MATTER OF

EXECUTIVE DISCRETION WHICH CANNOT BE COERCED OR REVIEWED BY THE

COURTS. FED. RULES CRIM. PROS. RULE 7(c), 18 U.S.C.A.; U.S.C.A. CONST. ART 2, §§

1, 3; ART. 3.

6. PLAINTIFF STATES, THAT UPON THE ABOVE STATEMENTS, CONSTITUTION OF

THE UNITED STATES, FEDERAL STATUTES, AND THE "RULE OF LAW", IDENTIFIED

ABOVE, IT IS STATED, THAT ONE JOHN C. ZIMMERMANN BPR#009723, A "NON-

PUBLIC PROSECUTING ATTORNEY", WAS NOT THE UNITED STATES ATTORNEY
FOR THE UNITED STATES DISTRICT COURT, FOR THE MIDDLE DISTRICT OF
TENNESSEE MIDDLE DIVISION. JOHN C. ZIMMERMANN BPR#009723, WAS NEVER
APPOINTED BY ANY PRESIDENT OF THE UNITED STATES OF AMERICA WHETHER
PAST OR PRESENT, DEAD OR ALIVE AS A UNITED STATES ATTORNEY, NOR WAS
THERE ANY SUCH APPOINTMENT CONFIRMED BY THE UNITED STATES SENATE.
JOHN C. ZIMMERMANN BPR#009723 WAS NOT THE CHIEF FEDERAL LAW
ENFORCEMENT OFFICIAL FOR THE JUDICIAL DISTRICT IDENTIFIED ABOVE. NOR
WAS SUCH EMPLOYEE OF THE STATE GOVERNMENT-COUNTY-COURTHOUSE
JURISDICTION, RESPONSIBLE FOR THE PROSECUTION UPON ALL FELONY
CHARGES OR FEDERAL OFFENSES AGAINST UNITED STATES WITHIN THIS
DISTRICT. SUCH IDENTIFIED EMPLOYEE WAS NOT AN ASSISTANT UNITED
STATES ATTORNEY APPOINTED BY THE ATTORNEY GENERAL TO AID UNITED
STATES ATTORNEY IN CARRYING OUT THESE DUTIES. 28 U.S.C.A. §§ 541, 542, 547.


7. PLAINTIFF STATES, THAT UPON THE ABOVE CONNECTIONS, AND UPON THE
ABOVE GROUNDS IT IS STATED THAT ONE JOHN C. ZIMMERMANN BPR#009723, A
"NON-PUBLIC PROSECUTING ATTORNEY, WAS "KNOWINGLY AND WILLFULLY"
IMPERSONATING A UNITED STATES ATTORNEY, OR AN EXECUTIVE OFFICER OF
THE COURT, OR A CONSTITUTIONAL OFFICER OF THE COURT, OR A "FEDERAL
PROSECUTOR," IN VIOLATION OF (TITLE 18 U.S.C.A. § 912); AND UPON WHICH THE
ACCUSED HAD BEEN CHARGED BY FELONY CHARGES AND FELONY
CONVICTIONS.

8. PLAINTIFF STATES, THAT A COMPLAINT IS THE TYPICAL WAY FOR A CRIMINAL PROCEEDING TO BE INSTITUTED IN FEDERAL COURT. ITS MAIN FUNCTION IS TO SERVE AS THE BASIS FOR AN APPLICATION FOR AN ARREST WARRANT. IF A LAW ENFORCEMENT OFFICIAL BELIEVES THAT A PERSON COMMITTED AN OFFENSE, THE OFFICER MAKES OUT A COMPLAINT STATING THE FACTS SUPPORTING THIS BELIEF AND BRINGS IT TO A MAGISTRATE JUDGE. IF THE COMPLAINT AND ANY SUPPORTING AFFIDAVITS ESTABLISH TO THE MAGISTRATE JUDGES SATISFACTION "PROBABLE CAUSE" TO BELIEVE THAT THE PERSON NAMED COMMITTED A CRIME, THE JUDICIAL OFFICER MUST ISSUE A WARRANT FOR THE PERSON'S ARREST.

WHEN ARREST IS MADE WITHOUT A WARRANT A COMPLAINT STILL MUST BE FILED, ALTHOUGH ITS FUNCTION IS SLIGHTLY DIFFERENT. THE SUPREME COURT HAS SAID THAT IF THE GOVERNMENT WISHES TO DETAIN A PERSON AFTER A WARRANT LESS ARREST, IT MUST PRESENT THAT PERSON TO A JUDICIAL OFFICER WITHIN 48 HOURS OF THE ARREST FOR A "PROBABLE CAUSE" DETERMINATION; SO THAT A NEUTRAL JUDGE CAN ENSURE THAT THERE ARE ADEQUATE GROUNDS FOR THE DETENTION. NORMALLY THAT SHOWING IS MADE BY THE "PROMPT" FILING OF A POST-ARREST COMPLAINT AS REQUIRED BY RULE 5(b), ALTHOUGH THERE MAY BE OTHER WAYS TO DO SO.

9. PLAINTIFF STATES, THAT THERE WAS NO VALID OR LAWFUL OR "LEGAL" INDICTMENT OR INFORMATION MADE OUT TO BE A PLAIN CONCISE AND DEFINITE WRITTEN STATEMENT OF THE ESSENTIAL FACTS CONSTITUTING THE OFFENSE CHARGED. BOTH THE INDICTMENT AND INFORMATION WHICH WERE "PROSECUTED" BY A "NON-PUBLIC PROSECUTING ATTORNEY," FOR THE STATE GOVERNMENT COUNTY-COURTHOUSE OF RUTHERFORD COUNTY, MURFREESBORO TENNESSEE 37130, AND THAT SUCH FELONY INDICTMENTS AND INFORMATION DID NOT SUGGEST OR ALLEGE ANY FEDERAL OFFENSE AGAINST THE UNITED STATES WHICH MADE (SUBJECT MATTER JURISDICTION), OF THE OFFENSES CHARGED "FALSE" BY LAW, AND VOID, AND IS THE GROUNDS FOR RELIEF AND RELEASE.

10. PLAINTIFF STATES, THAT IN THE PARTICULAR CRIMINAL MATTERS COMPLETED BY LAW, BY THE ABOVE STATE GOVERNMENT AGENCIES IDENTIFIED ABOVE, IT IS THAT THERE WAS NO "PROBABLE CAUSE" DETERMINATION FOUND BY ANY UNITED STATES OF AMERICA GRAND JURY (PROCEEDING) INDICTMENTS AND RETURN INTO ANY COURT OF LAW AND RECORD.

11. PLAINTIFF STATES, THAT THESE PARTICULAR FELONY INDICTMENTS AND RETURN, WERE NOT BEFORE A UNITED STATES DISTRICT COURT JUDGE AND MAGISTRATE, OR FEDERAL JUDICIAL OFFICER, OR ARTICLE III COURT OR JUDGE, AS REQUIRED BY LAW. THESE PARTICULAR FELONY INDICTMENTS AND RETURN

WERE NOT SIGNED BY THE NAME OF THE UNITED STATES ATTORNEY, NOR BY A DULY AUTHORIZED APPOINTED ASSISTANT UNITED STATES ATTORNEY.

REQUIREMENT OF SIGNATURE OF UNITED STATES ATTORNEY ON INDICTMENT IS FOR PURPOSE OF EVIDENCING JOINDER OF ATTORNEY FOR THE UNITED STATES WITH GRAND JURY IN INSTITUTING CRIMINAL PROCEEDING IN COURT AND WITHOUT HIS SIGNATURE THERE CAN BE NO CRIMINAL PROCEEDING BROUGHT UPON AN INDICTMENT. FED. CRIM. PROC. RULE 7(c), 18 U.S.C.A. IT IS IN THIS CONNECTION AND UPON THIS GROUND, THAT THE PLAINTIFF MOVES THIS COURT TO DISMISS ALL INDICTMENTS WHICH WERE OBTAINED BY FRAUD COMMITTED UPON THE COURTS, AND UPON THE GROUNDS THAT IT VIOLATED THE ACCUSED FIFTH AMENDMENT CONSTITUTIONAL RIGHTS. IF ATTORNEY OF UNTIED STATES REFUSES TO SIGN INDICTMENT, AS HE HAS DISCRETIONARY POWER DOING, THERE IS NO VALID INDICTMENT. FED. CRIM. PROC. RULE 7(c) 18 U.S.C.A. THIS WAS CLEAR VIOLATION UNDER THE APPROPRIATE "RULE OF LAW," FED. RULES CRIM. PROC. RULE 7(c), 18 U.S.C.A., AND A CLEAR VIOLATION OF THE DEFENDANTS FIFTH AMENDMENT RIGHTS. UPON THE GROUND THAT THERE WAS NO VALID, OR LAWFUL, OR "LEGAL" FELONY INDICTMENT AND RETURN INTO ANY UNITED STATES DISTRICT COURT, OR ANY OTHER AUTHORIZED COURT OF LAW OR RECORD, NOR DOES SUCH FELONY INDICTMENTS AND RETURN BEAR THE DATES OF SUCH RETURN, NOR BEAR THE NAME, TITLE, AND SIGNATURE OF A UNITED STATES ATTORNEY, NOR BY A DULY AUTHORIZED APPOINTED

ASSISTANT UNITED STATES ATTORNEY FOR UNITED STATES WITH GRAND JURY

IN INSTITUTING CRIMINAL PROCEEDING IN COURT.


12. PLAINTIFF STATES, THAT THERE WAS NO SUCH NAME AND SIGNATURE OF A

UNITED STATES ATTORNEY, THEREFORE, THERE WAS NO VALID, OR LAWFUL, OR

"LEGAL" CRIMINAL PROCEEDING BROUGHT UPON AN INDICTMENT.


13. PLAINTIFF STATES, THAT THESE PARTICULAR FELONY INDICTMENTS AND

RETURN, DID NOT BEAR THE APPROVED AND AUTHENTICATED SIGNATURE OF

THE ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA, IN

WASHINGTON D.C.


14. PLAINTIFF STATES, THAT THERE WAS NO VALID, OR LAWFUL, OR "LEGAL

ARREST WARRANT, OR SUMMONS MADE UPON A COMPLAINT. NOR WAS THERE

ANY UNITED STATES ATTORNEY OR ANY OTHER LAW ENFORCEMENT OFFICIAL

THAT HAD "FILED" A COMPLAINT WITH THE "APPROPRIATE" COURT. NO COURT

OF THE UNITED STATES OF AMERICA, OR ARTICLE III, § 1 COURT OR JUDGE, OR

ANY OTHER AUTHORIZED COURT OF RECORD OR LAW HAD ESTABLISHED

"PROBABLE CAUSE" TO BELIEVE THAT A FELONY OFFENSE HAD BEEN

COMMITTED AND THAT THE DEFENDANT COMMITTED IT. THERE WAS NO

UNITED STATES MAGISTRATE JUDGE OR FEDERAL JUDICIAL OFFICER THAT HAD

ISSUED AND SIGNED AN ARREST WARRANT OR SUMMONS FOR THE NAMED

DEFENDANT. NO SUCH WARRANT WAS ISSUED AND EXECUTED BY ANY UNITED

STATES MARSHAL, OR ANY OTHER AUTHORIZED OFFICER WHO MAY EXECUTE A

WARRANT. THE DEFENDANT NEVER APPEARED IN ANY UNITED STATES

DISTRICT COURTHOUSE OR FEDERAL COURTHOUSE OR COMMANDED TO DO SO,

AS SUCH IS REQUIRED BY LAW FOR A VALID ARREST WARRANT OR SUMMONS

UPON A COMPLAINT. THIS PARTICULAR FRAUD AND SCHEME TO DEFRAUD THE

UNITED STATES DEPARTMENT OF JUSTICE, OF ITS LAWFUL DUTIES, FUNCTIONS,

AND RESPONSIBILITIES WAS A CLEAR VIOLATION UNDER THE APPROPRIATE

"RULE OF LAW," FED. R. CRIM. RULE 4, AND A CLEAR VIOLATION OF THE

DEFENDANTS' FOURTH AMENDMENT RIGHTS. UPON THE GROUND, THAT THERE

WAS NO VALID, OR LAWFUL, OR "LEGAL" ARREST WARRANT OR SUMMON HAD

ISSUED FROM THE APPROPRIATE COURT, NOR SIGNED BY THE CLERK UNDER

THE SEAL OF THE COURT FROM WHICH IT ISSUED. IT IS ALSO STATED, IF THE

WARRANT COMMANDED THE ARREST OF AN INDIVIDUAL IN THE NAME OF THE

STATE HAVE NO "SEAL," IT IS VOID. AND A WARRANT FOR ONES ARREST IN THE

NAME OF THE STATE, WITHOUT HAVING THE MAGISTRATES SEAL, IS VOID. AND

UPON THIS CONNECTION AND UPON THIS GROUND, IT IS STATED THAT THERE IS

NO VALID, LAWFUL OR "LEGAL" SERVICE OF PROCESS ISSUED AND EXECUTED

BY THE STATE GOVERNMENT COUNTY-COURTHOUSE JURISDICTION OF

RUTHERFORD COUNTY, MURFREESBORO, TENNESSE. THE WARRANT

COMMANDING THE ARREST OF THE DEFENDANT IN THE NAME OF THE STATE OF

TENNESSEE, DID NOT HAVE ANY SEAL, AND THEREFORE VOID BY LAW. THE

WARRANT FOR THE DEFENDANTS ARREST IN THE NAME OF THE STATE OF

TENNESSEE, DID NOT HAVE THE MAGISTRATES SEAL, AND THEREFORE IT IS

MADE VOID BY LAW. PLAINTIFF MOVES THIS COURT UPON THIS CONNECTION
AND UPON THIS GROUND FOR RELIEF AND RELEASE.

15. THE (ADA) ASSISTANT DISTRICT ATTORNEY OF RUTHERFORD COUNTY,
MURFREESBORO TENNESSEE. WHO HAD "PROSECUTED," THE PARTICULAR
FELONY INDICTMENTS AND RETURN WERE BOTH RECOGNIZED AND IDENTIFIED
AS "NON-PUBLIC PROSECUTING ATTORNEYS," UPON THE UNITED STATES
CONSTITUTION AND LAWS OF THE FEDERAL GOVERNMENT, AND UPON THE
CONSTITUTION OF ITS OWN STATE, AND LAWS OF ITS OWN STATE. AND IT IS
STATED, THAT UPON THIS CONNECTION AND GROUNDS THAT SUCH IDENTIFIED
EMPLOYEES DUTIES, FUNCTIONS, RESPONSIBILITIES WERE ONLY CLERICAL, AND
COULD NOT AND CANNOT EXTEND INTO ANY COURT OF LAW OR RECORD.

TO EXTEND SUCH A DUTY, FUNCTION, AND RESPONSIBILITIES TO A "NON-
PUBLIC PROSECUTING ATTORNEY," WOULD BE A FEDERAL OFFENSE, IN AND OF
ITSELF, AS SUCH IS THE CASE IN THESE PARTICULAR MATTERS COMPLETED BY
LAW.

16. PLAINTIFF STATES, THAT THESE PARTICULAR EMPLOYEES, WHO DID NOT
WORK FOR THE UNITED STATES DEPARTMENT OF JUSTICE, WAS GIVEN THE
ABSOLUTE POWER AND AUTHORITY BY THE STATE OF TENNESSEE, TO
ILLEGALLY PERFORM THE "PROSECUTORIAL DUTIES" OF A "FEDERAL
PROSECUTOR", AND HAD ACTED IN THIS OFFICIAL CAPACITY. AND WITH

HIS/HER CONSENT, THE UNITED STATES GRAND JURY, THE COURT, AND
EVERYONE ELSE WERE BOUND BY LAW TO ACCEPT THE ACTION AS THAT OF
THE ATTORNEY GENERAL AND THE UNITED STATES ATTORNEY.

17. PLAINTIFF STATES, THAT STATE GOVERNMENT COUNTY-COURTHOUSE
JUDGES, HAD ACCEPTED AND APPROVED THESE PARTICULAR FELONY
INDICTMENTS AND RETURN, INTO SUCH COURTS, AS THAT AUTHORIZED BY THE
ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA IN WASHINGTON,
D.C.

18. BY GOING FORWARD TO TRIAL AND CONVICTIONS, THE (ADA) ASSISTANT
DISTRICT ATTORNEY, AND THE (ASA) ASSISTANT'S STATES ATTORNEY, HAD
RATIFIED THE ACTION OF THE ASSISTANTS AND EACH OF THEM. THE ACTION,
BY WHOEVER TAKEN, WAS THE ACTION OF THE ATTORNEY GENERAL AND THE
UNITED STATES ATTORNEY.

19. PLAINTIFF STATES, THAT THE STATE GOVERNMENT COUNTY-COURTHOUSE
JUDGE FROM THE STATE OF TENNESSEE, HAD ACCEPTED AND APPROVED THESE
PARTICULAR FELONY INDICTMENTS AND RETURN, AS THAT AUTHORIZED BY
THE ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA IN
WASHINGTON, D.C.

20. PLAINTIFF STATES, THAT BECAUSE THE (ADA) ASSISTANT DISTRICT ATTORNEY OF <u>RUTHERFORD COUNTY, MURFREESBORO TENNESSEE,</u> HAD "PROSECUTED" THE PARTICULAR FELONY INDICTMENTS AND RETURN, IN A STATE GOVERNMENT COUNTY-COURTHOUSE FORUM, ADMINISTRATION, AND JURISDICTION, AS OPPOSED TO A UNITED STATES DISTRICT COURTHOUSE AND ITS DUE ADMINISTRATION OF JUSTICE, THAT SUCH "RACKETEERING ACTIVITIES," CONSTITUTED A FEDERAL OFFENSE AS IDENTIFIED THROUGHOUT THIS COMPLAINT.

21. PLAINTIFF STATES, THAT THESE "RACKETEERING ACTIVITIES" WHICH REMAINS IN FULL FORCE AND EFFECT TO THIS VERY DATE, HAD ALSO BEEN "KNOWINGLY AND WILLFULLY" WITHHELD, COVERED-UP AND "CONCEALED" FOR MANY, MANY, MANY YEARS FROM THE OFFICE AND "OATH OF OFFICE," OF THE ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA IN WASHINGTON, D.C. AND THAT SUCH "RACKETEERING ACTIVITIES", HAD ALSO BEEN CLEARLY ALTERED IN FORM, SUBSTANCE AND ORDER, WHICH WERE "PROSECUTED," BY A "NON-PUBLIC PROSECUTING ATTORNEY," STATE OF TENNESSEE, AND THAT SUCH ACTIONS HAD SERIOUSLY PREJUDICED THE DEFENDANT, AND CLEARLY VIOLATED ALL OF THE DEFENDANTS FEDERALLY PROTECTED CONSTITUTIONAL RIGHTS, IN SUCH COURT, TO WHICH SUCH FELONY INDICTMENTS AND RETURN WERE MADE, AND SIMPLY MADE VOID BY LAW.

22. PLAINTIFF STATES, SUCH "RACKETEERING ACTIVITIES" WHICH REMAINS IN FULL FORCE AND EFFECT BY ALL INVOLVED, AND FRAUD COMMITTED UPON THE COURTS, BY SUCH ESTABLISH "ORGANIZATION" CLEARLY CONSTITUTE A "RICO" CRIMINAL INDICTMENT OR INFORMATION OR CIVIL COMPLAINT, OR TO ISSUE A CIVIL INVESTIGATIVE DEMAND. (18 U.S.C.A. § 1961); (18 U.S.C.A. §371); (18 U.S.C.A. § 241); (18 U.S.C.A. § 242)

23. PLAINTIFF STATES, THAT HE HAS NEVER BEEN LAWFULLY "COMMITTED TO CUSTODY OF THE ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA IN WASHINGTON, D.C., AND PURSUANT TO THE AUTHORITY OF (18 U.S.C.A. §§ 4082, 4083), AND WHO HAS BEEN CONVICTED OF FELONY OFFENSES AGAINST THE UNITED STATES, AS ALLEGED, STATED, AND DOCUMENTED, BY THE STATE OF TENNESSEE, AND ITS LEGAL REPRESENTATION. (18 U.S.C.A. § 4082(B)(1)(A-F)).

24. PLAINTIFF STATES, THAT THESE PARTICULAR FELONY CONVICTIONS RECORDS (18 U.S.C.A. § 3578 ET. SEQ., OR 18 U.S.C.A. § 3662 ET. SEQ.); AND IMPRISONMENT OF A CONVICTED PERSON (18 U.S.C.A. §3621 ET. SEQ.), AND COMMITMENT TO ATTORNEY GENERAL; (18 U.S.C.A. §§ 4082, 4083); AND PROCEEDINGS TO ESTABLISH PRIOR CONVICTION RECORDS (21 U.S.C.A. § 851), WERE OBTAINED THROUGH USE OF FALSE EVIDENCE, WELL KNOWN TO BE SUCH BY PROSECUTION, WHICH FALLS UNDER THE FOURTEENTH AMENDMENT TO THE FEDERAL CONSTITUTION , AND RULE APPLIES WHEN PROSECUTION, THOUGH

NOT SOLICITING FALSE EVIDENCE WHEN IT APPEARS IN EVIDENCE. U.S.C.A. CONST. AMEND 14.

25. PLAINTIFF STATES, THAT THERE WAS NO VALID, OR LAWFUL, OR "LEGAL" FELONY CONVICTION RECORDS AND CERTIFIED COPIES THEREOF, FILED OR REPORTED TO THE OFFICE AND "OATH OF OFFICE", OF THE ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA IN WASHINGTON, D.C., IN THE YEARS COVERING 2015, 16, 17, 18, 19, 20, 21, AND UPON THE FILING DATE OF THIS CIVIL RIGHTS COMPLAINT, 2022.

26. PLAINTIFF STATES, THAT THERE WAS NO VALID, LAWFUL, OR "LEGAL" ORDER OF COMMITMENT PURSUANT TO A COURT ORDER, OF THE UNITED STATES OF AMERICA IN WASHINGTON D.C. AND UPON WHICH SUCH FELONY CHARGES AND FELONY CONVICTIONS WERE CHARGED, RENDERED, AND "LODGED," BY THE STATE GOVERNMENT COUNTY-COURTHOUSE JURISDICTION OF RUTHERFORD COUNTY, MURFREESBORO TENNESSEE. IT IS THAT, THERE WAS NO PUBLIC RECORD OR OFFICIAL RECORD AND CERTIFIED COPY THEREOF, THAT HAD BEEN "FILED," OR REPORTED TO THE HEADQUARTERS OF THE UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, 320 FIRST STREET, N.W. WASHINGTON, D.C. 20534, AS SUCH IS REQUIRED OR MANDATED BY LAW, UPON SUCH FELONY CHARGES AND FELONY CONVICTIONS. IT IS THAT, THERE WAS NO VALID, LAWFUL OR "LEGAL" PUBLIC RECORDS OR OFFICIAL RECORD, AND CERTIFIED COPY THEREOF, THAT HAD BEEN "FILED" OR

REPORTED (18 U.S.C.A. §§ 4082, 4083), TO THE OFFICE AND "OATH OF OFFICE" OF

THE ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA IN

WASHINGTON, D.C. FROM THE YEARS COVERING 2015, 16, 17, 18, 19, 20, 21, AND

UPON THE FILING DATE OF THIS CIVIL RIGHTS COMPLAINT, 2022. AND THAT ALL

SUCH PUBLIC RECORDS OR OFFICIAL RECORDS AND CERTIFIED COPIES

THEREOF, THAT WERE MADE FROM (FELONY COMPLAINT TO FELONY

IMPRISONMENT) WAS MADE AND OBTAINED BY FRAUD AND THAT SUCH

"RACKETEERING ACTIVITIES" CONSTITUTE THE FEDERAL CHARGES CHARGED.


27. PLAINTIFF STATES, THAT UNDER THE LAW OF ITS OWN STATE, IT PROVIDES

AS FOLLOWS:

T.C.A. § 41-21-104. SENTENCE; CERTIFIED COPY


A CERTIFIED COPY OF THE SENTENCE SHALL BE DELIVERED WITH EACH INMATE

TO THE WARDEN OF THE PENITENTIARY AND REGISTERED IN A BOOK KEPT BY

THE WARDEN FOR THAT PURPOSE.


T.C.A. § 41-21-105. INDICTMENT; CERTIFIED COPIES


(a)(1) CLERKS OF THE CRIMINAL AND CIRCUIT COURTS OF THE STATE AND

REQUIRED TO FURNISH THE WARDENS OF THE STATE PRISONS CERTIFIED

COPIES OF ALL INDICTMENTS AGAINST PERSONS CONVICTED ON THOSE COURTS

AND SENTENCED TO PRISON, AT THE SAME TIME THE CLERK FURNISHES THE

WARDEN COPIES OF THE JUDGMENT AND COMMITMENT PAPERS ON THE CONVICTED PERSON.

(2) FOR EVERY CERTIFIED COPY OF AN INDICTMENT FURNISHED THE WARDEN BY THE CLERKS THEY SHALL BE PAID A FEE OF ONE DOLLAR AND TWENTY FIVE CENTS ($1.25), WHICH SHALL BE TAXED PAID AS OTHER CRIMINAL COSTS ARE TAXED AND PAID IN CRIMINAL CASES.

(b) THE CLERKS OF THE CRIMINAL AND CIRCUIT COURTS ALSO SHALL FURNISH THE CENTRAL RECORDS DIVISION OF THE DEPARTMENT OF CORRECTION A COPY OF THE INDICTMENT, JUDGMENT, AND COMMITMENT PAPERS OF PERSONS CONVICTED OF A FELONY AND SENTENCED TO SERVE A SENTENCE IN A LOCAL DETENTION FACILITY, FOR WHICH THE CLERKS SHALL BE PAID A FEE OF ONE DOLLAR AND TWENTY FIVE CENTS ($1.25), WHICH SHALL BE TAXED AS OTHER CRIMINAL COSTS AND PAID IN CRIMINAL CASES.

28. PLAINTIFF STATES, THAT UPON FEDERAL STATUTE (TITLE 18 U.S.C.A § 3621(c)(d), IT PROVIDES AS FOLLOWS:

(c) DELIVERY OF ORDER OF COMMITMENT. WHEN A PRISONER PURSUANT TO A COURT ORDER, IS PLACED IN THE CUSTODY OF A PERSON IN CHARGE OF A PENAL OR CORRECTIONAL FACILITY, A COPY OF THE ORDER SHALL BE DELIVERED TO SUCH PERSON AS EVIDENCE OF HIS AUTHORITY TO HOLD THE

PRISONER, AND THE ORIGINAL ORDER, WITH THE RETURN ENDORSED THEREON, SHALL BE RETURNED TO THE COURT THAT ISSUED IT.

(d) DELIVERY OF PRISONER FOR COURT APPEARANCES. THE UNITED STATES MARSHAL SHALL, WITHOUT CHARGE, BRING A PRISONER INTO COURT OR RETURN HIM TO A PRISON FACILITY ON ORDER OF A COURT OF THE UNITED STATES OR WRITTEN RE QUEST OF AN ATTORNEY FOR THE GOVERNMENT.

29. PLAINTIFF STATES THAT BASED UPON THE ABOVE OR HEREIN STATE AND FEDERAL STATUTE IDENTIFIED, IT IS STATED, THAT THERE IS NO VALID LAWFUL OR "LEGAL", ORDER OF COMMITMENT, PURSUANT TO A COURT ORDER, THAT WAS PLACED IN THE CUSTODY OF A PERSON IN CHARGE OF A PENAL OR CORRECTIONAL FACILITY, NOR IS THERE ANY ORDER OF SUCH DOCUMENT DELIVERED TO SUCH PERSON AS EVIDENCE OF HIS AUTHORITY TO HOLD THE PRISONER, AND NO RETURN DOCUMENT ENDORSED THEREON, RETURNED TO THE COURT THAT ISSUED IT, AND UPON WHICH SUCH FELONY CONVICTION RECORDS AND SENTENCE OF IMPRISONMENT WERE CHARGED, RENDERED AND "LODGED". PLAINTIFF ALSO STATES, HE HAS NEVER BEEN TRANSFERRED BY THE UNITED STATE MARSHAL SERVICE, TO A UNITED STATES DISTRICT COURT, NOR TRANSFERRED BY SUCH AGENCY OR DEPARTMENT TO A UNITED STATES DISTRICT COURT, NOR TRANSFERRED BY SUCH AGENCY OR DEPARTMENT TO A UNITED STATE DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISON

FACILITY, ON ORDER OF A COURT OF THE UNITED STATES OR ON WRITTEN REQUEST OF AN ATTORNEY FOR THE GOVERNMENT.

30. PLAINTIFF STATES, THAT THE TENNESSEE DEPARTMENT OF CORRECTIONS, IS NOT AN "OFFICIAL DETENTION CENTER," OF THE UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISON, AND UPON WHICH SUCH FELONY CONVICTIONS, AND FELONY SENTENCES AND IMPRISONMENT OF A CONVICTED PERSON (18 U.S.C.A. § 3261 ET. SEQ), WAS OBTAINED BY FRAUD, AND THAT SUCH REMAINS IN FULL FORCE AND EFFECT TO THIS VERY DATE.

31. PLAINTIFF STATES, THAT THERE WAS NO VALID, OR LAWFUL, OR "LEGAL", PUBLIC RECORD, OR OFFICIAL RECORD FILED OR REPORTED TO THE UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, 30 FIRST STREET, N.W. WASHINGTON, D.C. 20534, IN THE YEARS COVERING 2015, 16, 17, 18, 19, 20, 21, AND UPON THE FILING DATE OF THIS CIVIL RIGHTS COMPLAINT, 2022.

32. PLAINTIFF STATES, THAT THE TENNESSEE DEPARTMENT OF CORRECTIONS WHICH INCLUDES DEFENDANTS: Candace Whisma, Brandon Maloney , Tony C, Parker , Kevin Genovese , , Kevin Hampton , Jason Clendenion , , Kevin Myers , , HAD INDICATED AND CLAIMED THAT SUCH AGENCIES OR DEPARTMENTS WERE GIVEN THE POWER AND AUTHORITY BY THE UNITED STATES DEPARTMENT OF

JUSTICE, OR BY THE STATE GOVERNMENT COUNTY COURTHOUSE JURISDICTION, TO DETERMINE THE RELEASE ELIGIBILITY DATE FOR PAROLE. AND IT IS IN THIS CONNECTION THAT BY WHATEVER AUTHORITY AND MEANS GIVEN UPON THE DETERMINATION FOR THE RELEASE ELIGIBILITY DATE FOR PAROLE WAS OBTAINED BY FRAUD, AND SIMPLY FALSE BY LAW.

33. PLAINTIFF STATES, THAT IN RELATION TO AND IN CONNECTION WITH THE STATUTE PERTAINING TO PAROLE. IT IS STATED, THAT UNDER BOTH STATE AND FEDERAL LAW, "PAROLE HAS BEEN ABOLISHED (TITLE 18 U.S.C.A. §§ 4201-4218), FOR MORE THAN 30 PLUS YEARS, SINCE 1984, AND THE NEW LAW BECAME, EFFECTIVE ON NOVEMBER 1ST 1987 AND PURSUANT TO THE AUTHORITY OF (TITLE 18 U.S.C.A. § 3559).

34. PLAINTIFF STATES, THAT UPON THE ABOVE AUTHORITY AND STATUTE (18 U.S.C.A. § 3559), THAT THE ACCUSED HAD BEEN PROSECUTED, SENTENCED, IMPRISONED, BY ORDER OF A "NON-ARTICLE III, § 1 JUDGE," ONE ROYCE TAYLOR BPR#003238, AND BY ORDER OF "NON PUBLIC PROSECUTING ATTORNEY," ONE JOHN C. ZIMMERMANN BPR#009723. THE ACCUSED HAD BEEN SENTENCED TO A MAXIMUM SENTENCE OF 40 YEARS, AT THE FIRST FELONY PRE-TRIAL PROCEEDING HAD, THE ACCUSED HAD ALSO BEEN SENTENCED UPON THE ABOVE STATUTE AND PURSUANT TO (21 U.S.C.A. § 851), AS IF HE HAD MULTIPLE PRIOR CONVICTION RECORDS, PRIOR TO HIS DATE OF ARREST MADE ON JANUARY 15TH 2015. IT IS THAT THE ACCUSED IN THE CRIMINAL MATTER

COMPLETED, PRIOR TO HIS DATE OF ARREST, ON JANUARY 15TH 2015, HAD NO

PRIOR FELONY CONVICTION RECORDS, AND THAT SUCH CONVICTION RECORDS

CAN BE VERIFIED UNDER THE "SEAL," OF THE UNITED STATES DEPARTMENT OF

JUSTICE.

35. PLAINTIFF STATES, THAT BASED UPON THE AUTHORITY OF (TITLE 18 U.S.C.A.

§ 3559(4)), AND (21 U.S.C.A. § 851), THAT ONE JOHN C. ZIMMERMANN BPR#009723, A

"NON-PUBLIC PROSECUTING ATTORNEY", AND ONE ROYCE TAYLOR BPR#003238,

A NON-ARTICLE III, § 1, COURT OR JUDGE, HAD NO LEGAL AUTHORITY AND

JURISDICTION TO IMPOSE SUCH A SENTENCE AND IMPRISONMENT UPON THE

ACCUSED, AND THAT EACH HAD EXCEEDED THEIR AUTHORITY AND

JURISDICTION. AND IT UPON THIS CONNECTION AND THIS GROUND THAT

PLAINTIFF MOVES THE COURT TO EXPUNGE AND DISMISS ALL PUBLIC RECORDS

OR OFFICIAL RECORDS THAT WERE MADE FROM FELONY COMPLAINT TO

FELONY IMPRISONMENT, BY THE STATE GOVERNMENT COUNTY COURTHOUSE

JURISDICTION OF RUTHERFORD COUNTY, MURFREESBORO, TENNESSEE, AND

OTHER AGENCIES AND DEPARTMENTS INVOLVED.

36. PLAINTIFF STATES, THAT UNDER THE LAW AND PURSUANT TO TITLE 28 C.F.R.

§ 28.2(a)(1) IT PROVIDES AS FOLLOWS:

§ 28.2 DETERMINATION OF OFFENSES.

(a) FELONY MEANS A FEDERAL OFFENSE THAT WOULD BE CLASSIFIED AS A FELONY UNDER 18 U.S.C. § 3559(a) OR THAT IS SPECIFICALLY CLASSIFIED BY A LETTER GRADE AS A FELONY.

(1) ANY FELONY.

37. PLAINTIFF STATES, THAT UPON THIS STATUTE, (28 C.F.R. § 28.2(a)(1); AND UPON THE AUTHORITY OF THE STATE GOVERNMENT COUNTY COURTHOUSE JURISDICTION OF <u>RUTHERFORD COUNTY, MURFREESBORO TENNESSEE</u>, THE ACCUSED HAD BEEN CHARGED AND CONVICTED UPON __1__ CLASS A FELONIES; AND __15__ CLASS B FELONIES; AND __1__ CLASS C FELONIES; AND __1__ CLASS D FELONIES; AND __0__ CLASS MISDEMEANORS.

38. PLAINTIFF STATES, THAT ALL OF THE ACTIONS OF THE DEFENDANTS VIOLATED THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

39. PLAINTIFF STATES, THAT THE ACTS ALLEGED OR STATED IN THIS COMPLAINT TO HAVE BEEN DONE BY EACH OF THE DEFENDANTS WERE AUTHORIZED, ORDERED OR DONE BY THE OFFICERS, AGENTS, EMPLOYEES, OR REPRESENTATIVES OF EACH DEFENDANT WHILE ACTIVELY ENGAGED IN THE MANAGEMENT, DIRECTION OR CONTROL OF ITS AFFAIRS.

40. PLAINTIFF STATES, THAT NOT ONE OF THE DEFENDANTS AND CO-CONSPIRATORS HAD EVER BEEN "PROSECUTED", BY THE UNITED STATES ATTORNEY'S OFFICE, OR BY THE UNITED STATES DEPARTMENT OF JUSTICE, FOR THEIR FEDERAL CRIMES COMMITTED BY LAW; WHAT A MOCKERY OF THE CRIMINAL JUSTICE SYSTEM, WHEN A UNLICENSED ATTORNEY AND STATE COURT JUDGE CAN FIX AND FALSIFY FELONY CASES IN SUCH COURT, AND THEN HIDE BEHIND SUCH LAWS.

41. PLAINTIFF STATES, THAT ONE JOHN C. ZIMMERMANN BPR#009723, A "NON-PUBLIC PROSECUTING ATTORNEY", AND ONE ROYCE TAYLOR BPR#003238, HAD CONSPIRED WITH, OR WAS ALLOWED BY THE OFFICE AND "OATH OF OFFICE," OF THE UNITED STATES ATTORNEY, FOR THE MIDDLE DISTRICT OF TENNESSEE, MIDDLE DIVISION, TO FIX AND FALSIFY, OR LATER OR CHANGE AND FORGE THE NAME SIGNATURE AND VOTES, OF ALL JURORS AND WITNESSES OF AN ALLEGED AND PRESUMED UNITED STATES UNITED STATES AMERICA GRAND JURY (PROCEEDINGS), INDICTMENTS AND RETURN INTO A STATE GOVERNMENT COUNTY-COURTHOUSE JURISDICTION; AS OPPOSED TO A UNITED STATES DISTRICT COURT, AND ITS DUE ADMINISTRATION OF JUSTICE. . IT IS THAT, SUCH SCHEME TO DEFRAUD THE UNITED STATES OF ITS LAWFUL DUTIES, FUNCTIONS, AND RESPONSIBILITIES OWED TO CITIZENS OF A STATE, AND CITIZENS OF THE UNITED STATES, HAD BEEN "KNOWINGLY AND WILLFULLY" WITHHELD, COVERED-UP, AND "CONCEALED" FOR MANY, MANY, MANY YEARS UNDER THE UNRECOGNIZED EYES OF THE NATIONAL PUBLIC, THE NATIONAL MEDIA, AND

THE UNCHECKED POWERS OF THE EXECUTIVE BRANCH OF AUTHORITY IN
WASHINGTON, D.C. AND UPON THIS CONNECTION THE (FORMER) UNITED STATES
ATTORNEY, AND THE (FORMER) ASSISTANT UNITED STATES ATTORNEY, FOR
THE MIDDLE DISTRICT OF TENNESSEE, MIDDLE DIVISION, HAD CLEARLY
VIOLATED THEIR "OATH OF OFFICE." AND IN VIOLATION OF 42 U.S.C.A. §§ 1985,
1986), WHILE HAVING THE POWER TO PREVENT OR AID IN PREVENTING THE
COMMISSION OF THE SAME, AND WHO NEGLECTED OR REFUSED TO DO SO, AND
AS SUCH WRONGFUL ACTS THAT HAD BEEN COMMITTED, IS THEREFORE LIABLE
TO THE PARTY INJURED, AND HIS LEGAL REPRESENTATIVES, FOR ALL DAMAGES
CAUSE BY SUCH WRONGFUL ACTS, WHICH SUCH PERSON BY REASONABLE
DILIGENCE COULD HAVE PREVENTED.

42. PLAINTIFF STATES, THAT UPON THE CHARGING DOCUMENTS, WHICH
INCLUDES THE COMPLAINT; THE ARREST WARRANT; THE INDICTMENT; AND THE
INFORMATION, NOT ONE SUCH CHARGING DOCUMENT, WAS MADE UPON AN
"OATH OF OFFICE" OR PENALTIES OF PERJURY AS SUCH IS REQUIRED OR
MANDATED BY LAW TO BE A VALID DOCUMENT. AND IT IS UPON THIS
CONNECTION AND UPON THIS GROUND, THAT THE [PLAINTIFF WOULD MOVE
THIS COURT, TO DISMISS ALL CRIMINAL ACTIONS TAKEN AGAINST ACCUSED.

43. PLAINTIFF STATES, THAT UNDER THE APPROPRIATE "RULE OF LAW", THE
FILING OF THE INDICTMENT REQUIRES A CERTIFICATIONS TO HOW JURORS
VOTED. AND IT IS UPON THIS CONNECTION AND UPON THIS GROUND THAT

PLAINTIFF STATES, THAT THERE WAS NO VALID OR LAWFUL OR "LEGAL" FILING

OF THE INDICTMENT THAT BEARS THE CERTIFICATION DATE, AS TO HOW THE

UNITED STATES OF AMERICA, GRAND JURY (PROCEEDINGS), AND JURORS

VOTED. STATE GOVERNMENT COUNTY-COURTHOUSE, ADMINISTRATION HEAD

AND JURISDICTION OF RUTHERFORD COUNTY, MURFREESBORO TENNESSEE

37130.


44. PLAINTIFF MOVES THIS COURT UNDER THE FED. R. CRIM. P. 12(b), TO DISMISS

THE INDICTMENT ON THE GROUND THAT IT WAS RETURNED BY THE GRAND

JURY IN VIOLATION OF THE DEFENDANTS RIGHTS UNDER THE FIFTH

AMENDMENT, AND DEMAND AN INSPECTION BY THE COURT OF THE GROUND

JURY "MINUTES" TO DETERMINE WHETHER ANY EVIDENCE WAS PRESENTED TO

SAID GRAND JURY IN CONNECTION WITH ITS RETURN OF SAID INDICTMENT.


45. PLAINTIFF STATES, THAT UNDER THE CONSTITUTION OF THE STATE OF

TENNESSEE, AND UNDER THE LAWS OF EACH STATE, THE COUNTY COURTS AND

COURTS OF JUSTICE OF THE PEACE HAVE JURISDICTION OF CRIMES DESIGNATED

AS MISDEMEANORS, AND THE DISTRICT COURTS DO NOT HAVE JURISDICTION OF

SUCH OFFENSE. THE DISTRICT COURTS HAVE EXCLUSIVE JURISDICTION OF

CRIMES DESIGNATED AS "FELONIES". THE PLAINTIFF IN THIS CASE, HAS

CHALLENGED THE STATE GOVERNMENT COUNTY-COURTHOUSE

ADMINISTRATION HEAD AND JURISDICTION. THE QUESTION PRESENTED BEFORE

THIS COURT, IS DO THE ALLEGATIONS IN THE INFORMATION CHARGE A

MISDEMEANOR OR A FELONY, AND WHAT COURT HAS JURISDICTION TO DETERMINE THAT QUESTION?

46. PLAINTIFF STATES, THAT HE HAS FOUND THE ANSWER TO THE QUESTION PRESENTED BEFORE THIS COURT. IT IS THAT THE JURISDICTION OF A COURT IS ITS POWER TO HEAR AND DETERMINE A QUESTION. JURISDICTION OF THE SUBJECT MATTER OF AN ACTION IS CONFERRED UPON THE COURT BY LAW, AND THE ALLEGATIONS IN THE INDICTMENT OR INFORMATION DETERMINE THE JURISDICTION OF THE COURT, IT BECOMES ITS DUTY TO DETERMINE WHETHER OR NOT THE FACTS ALLEGED IN THE PLEADINGS ARE SUFFICIENT TO CONSTITUTE THE CRIME ATTEMPTED TO BE CHARGED.

47. PLAINTIFF STATES, THAT IN THE PARTICULAR CRIMINAL MATTERS COMPLETED BY LAW, HE HAD BEEN CHARGED AND CONVICTED UPON ALL FELONY CHARGES AND FELONY CONVICTION RECORDS, BY THE STATE GOVERNMENT COUNTY-COURTHOUSE ADMINISTRATION HEAD AND JURISDICTION OF RUTHERFORD COUNTY, MURFREESBORO TENNESSEE, 37130.

48. PLAINTIFF WAS CHARGED WITH ALL FELONY CHARGES UNDER THE DISGUISE AND COLOR OF LAW, BY AGENCIES OR DEPARTMENT, OR ORGANIZATIONS IDENTIFIED ABOVE. IT IS THE DISTRICT COURTS WHICH IS KNOWN AS FEDERAL COURTS THAT HAS THE JURISDICTION OF THAT CLASS OF FELONY CASES. THE CONSTITUTION AND LAWS OF TENNESSEE, CONFER UPON THE DISTRICT COURTS

JURISDICTION TO TRY THAT CLASS OF CRIMES KNOWN AS FELONIES. IT IS THEREFORE, NOTED AND STATED, THAT IT WAS NOT THE DUTY, FUNCTION, OR RESPONSIBILITY OF THE STATE GOVERNMENT COUNTY-COURTHOUSE, AND ADMINISTRATION HEAD AND JURISDICTION, BUT THAT IT WAS THE DUTY OF THE DISTRICT COURT TO EXAMINE THE INFORMATION AND THE ALLEGATIONS THEREIN CONTAINED, AND TO HEAR AND DETERMINE THE QUESTION AS TO WHETHER OR NOT THE ALLEGATIONS, AND THE PROOF IN SUPPORT THEREOF, WERE SUFFICIENT TO CONSTITUTE THE CRIME OF FELONY OR FEDERAL OFFENSE.

49. PLAINTIFF STATES, THAT BEFORE THE TRIAL COURT COULD HAVE FINALLY ACTED AND DEPRIVED THE ACCUSED OF HIS LIBERTY, IT WAS NECESSARY FOR IT TO HAVE HAD JURISDICTION OF THE SUBJECT MATTER AND OF THE PERSON OF THE DEFENDANT, AND TO HAVE JURISDICTION TO RENDER THE PARTICULAR JUDGMENT RENDERED. IF THE TRIAL COURT DID NOT HAVE JURISDICTION OF THE PERSON OF THE DEFENDANT, OR IF IT DID NOT HAVE JURISDICTION OF THE SUBJECT MATTER, OR IF IT DID NOT HAVE JURISDICTION TO ENTER THE PARTICULAR JUDGMENT, THEN ITS JUDGMENT WOULD BE MADE VOID, AND THE WRIT SHOULD ISSUE.

50. PLAINTIFF STATES, THAT THE STATE GOVERNMENT COUNTY-COURTHOUSE, WHICH INCLUDES THE EMPLOYEES, STAFF, POLICE OFFICER, SHERIFF OFFICE, PRE TRIAL SERVICE OFFICE, PUBLIC DEFENDERS OFFICE, CLERK OF COURT,

ASSISTANT DISTRICT ATTORNEY OFFICE, COURT OR JUDGE, DISTRICT

ATTORNEY GENERAL OFFICE, AND ITS JURISDICTION; THAT SUCH AGENCIES

AND DEPARTMENTS INVOLVED, DID NOT HAVE "SUBJECT MATTER

JURISDICTION," OF THE PARTICULAR OFFENSES CHARGED, WHICH WERE ALL

FELONIES CHARGED, OR FEDERAL OFFENSES. NOR DID SUCH AGENCIES AND

DEPARTMENTS INVOLVED, HAVE JURISDICTION TO RENDER THE PARTICULAR

JUDGMENT RENDERED. IT IS STATED, THAT IT IS DISTRICT COURTS THAT HAVE

EXCLUSIVE JURISDICTION TO CRIMES DESIGNATED AS FELONIES. THE

CONSTITUTION AND LAWS OF THE STATE OF TENNESSEE CONFER UPON THE

DISTRICT COURTS JURISDICTION TO TRY THAT CLASS OF CRIMES KNOWN AS

FELONIES. [ID. AT TITLE 18 U.S.C.A. § 3006A(a)(1)(A); U.S. DISTRICT CT. RULES M.D.

TENN., CJA PLAN; SEE ALSO T.C.A. § 40-25-140. FELONY CASES TRANSFERRED TO

FEDERAL COURT.


51. PLAINTIFF STATES, THAT ALL OF THE AFORESAID ACTS OF THE DEFENDANTS

AND THE CO-CONSPIRATORS WERE DONE MALICIOUSLY, WILLFULLY,

KNOWINGLY, UNLAWFULLY, AND WITHOUT JUST CAUSE OR PROVOCATION,

WITH THE UNLAWFUL AND ILLEGAL INTENT, PURPOSE AND OBJECT OF

PREVENTING THE "CONSTITUTIONAL AUTHORITIES," OF ANY STATUE OR

TERRITORY FOR GIVING OR SECURING TO ALL PERSONS WITHIN SUCH STATE OR

TERRITORY THE EQUAL PROTECTION OF THE LAWS.

52. PLAINTIFF STATES, THAT ALL OF THE AFORESAID ACTS OF THE DEFENDANTS AND CO-CONSPIRATORS WERE IN VIOLATION OF THE UNITED STATES CONSTITUTION PROVISIONS, AS WELL AS THE CONSTITUTIONAL PROVISIONS OF ITS OWN STATE.

53. AS A RESULT OF THE WRONGFUL ACTS OF THE DEFENDANTS AND CO-CONSPIRATORS, THE PLAINTIFF HAS SUSTAINED GREAT LOSS AND DAMAGES WHICH HAS BEEN INFLICTED UPON IT BY VIRTUE OF THE CONSPIRACY AND THE ACTS OF THE DEFENDANTS AND THE CO-CONSPIRATORS DONE IN PURSUANCE THEREOF.

54. AS A RESULT OF THE AFORESAID ACTS, THE PLAINTIFF HAS SUSTAINED DAMAGES IN THE AMOUNT OF EXCESS THREE HUNDRED MILLION DOLLARS (300 MILLION), AND IS ENTITLED TO RECOVER UNDER THE LAWS OR STATUTES IDENTIFIED WITHIN THE COMPLAINT.

WHEREFORE, PLAINTIFF PRAYS THAT THE COURT AWARD THE FOLLOWING:

1. DAMAGES INCLUDING INCIDENTAL DAMAGES, IN AN AMOUNT EXCEEDING $100 MILLION DOLLARS, FOR INJURY SUSTAINED UPON A VIOLATION OF HIS FEDERALLY PROTECTED CONSTITUTIONAL RIGHT TO LIFE; TOGETHER WITH THE COSTS OF SUIT, INCLUDING REASONABLE ATTORNEY FEES SUSTAINED BY

REASON OF DEFENDANTS AND CO-CONSPIRATORS CONSTITUTIONAL

VIOLATIONS AND LAWS OF THE STATE.


2. DAMAGES IN AN AMOUNT EXCEEDING $100 MILLION DOLLARS. FOR INJURY

SUSTAINED UPON A VIOLATION OF HIS FEDERALLY PROTECTED

CONSTITUTIONAL RIGHT TO LIBERTY; TOGETHER WITH THE COSTS OF SUIT,

INCLUDING REASONABLE ATTORNEY FEES SUSTAINED BY REASON OF

DEFENDANTS AND CO-CONSPIRATORS CONSTITUTIONAL VIOLATIONS AND

LAWS OF THE STATE.


3. DAMAGES IN AN AMOUNT EXCEEDING $100 MILLION DOLLARS, FOR INJURY

SUSTAINED UPON A VIOLATION OF HIS FEDERALLY PROTECTED

CONSTITUTIONAL RIGHT TO SOCIETY; TOGETHER WITH THE COSTS OF SUIT,

INCLUDING REASONABLE ATTORNEY FEES SUSTAINED BY REASON OF

DEFENDANTS AND CO-CONSPIRATORS CONSTITUTIONAL VIOLATIONS AND

LAWS OF THE STATE.


4. DAMAGES IN AN AMOUNT EXCEEDING $100 MILLION DOLLARS, FOR INJURY

SUSTAINED UPON A VIOLATION OF HIS FEDERALLY PROTECTED

CONSTITUTIONAL RIGHT, AND FOR UNJUST CONVICTION AND IMPRISONMENT;

TOGETHER WITH THE COSTS OF SUIT, INCLUDING REASONABLE ATTORNEY FEES

SUSTAINED BY REASON OF DEFENDANTS AND CO-CONSPIRATORS

CONSTITUTIONAL VIOLATIONS AND LAWS OF THE STATE.

5. DAMAGES IN AN AMOUNT EXCEEDING $<u>100 MILLION DOLLARS,</u> FOR INJURY AND PREJUDICE SUSTAINED UPON A VIOLATION OF HIS FEDERALLY PROTECTED CONSTITUTIONAL RIGHT, AND FOR <u>DECLARATORY JUDGMENT</u>; TOGETHER WITH THE COSTS OF SUIT, INCLUDING REASONABLE ATTORNEY FEES SUSTAINED BY REASON OF DEFENDANTS AND CO-CONSPIRATORS CONSTITUTIONAL VIOLATIONS AND LAWS OF THE STATE.

6. PLAINTIFF DEMANDS JUDGMENT AGAINST THE DEFENDANTS AND CO-CONSPIRATORS IN THE SUM EXCEEDING $<u>300 MILLION DOLLARS</u>, THE SAME BEING THREEFOLD THE DAMAGES BY IT SUSTAINED, TOGETHER WITH REASONABLE ATTORNEY FEES.

7. THAT THE PLAINTIFF HAS SUCH OTHER AND FURTHER RELIEF AS MAY SEEM JUST AND PROPER, TOGETHER WITH THE COSTS AND DISBURSEMENTS OF THIS ACTION.

PLAINTIFF _Jamarr Juan Kuilan_ , MOVES THIS HONORABLE COURT, FOR FINAL JUDGMENT AND ORDER UPON THE CONSTITUTIONAL GROUNDS AND LAWS AS FOLLOWS:

1. PLAINTIFF MOVES THIS COURT FOR A FINAL ENTRY OF JUDGMENT AND ORDER TO VACATE THE SENTENCES AND CONVICTIONS, WHICH WERE

CHARGED, RENDERED AND "LODGED," BY THE STATE GOVERNMENT COUNTY-

COURTHOUSE ADMINISTRATION HEAD AND JURISDICTION, OF RUTHERFORD

COUNTY, MURFREESBORO TENNESSEE, AND TO DISMISS THE INDICTMENTS AND

INFORMATION'S, AND IMMEDIATE RELEASE FROM "ILLEGAL" CUSTODY AND

DETENTION, AND ON THE GROUNDS THAT THE STATE GOVERNMENT COUNTY-

COURTHOUSE ADMINISTRATION HEAD AND JURISDICTION, WAS REPRESENTED

AT THE FELONY INDICTMENTS AND RETURN, AND DURING THE SENTENCING

PROCEDURE BY A (ADA) ASSISTANT DISTRICT ATTORNEY, STATE OF TENNESSEE,

WHO WERE NOT PROPERLY COMMISSIONED BY ATTORNEY GENERAL AS

REQUIRED BY STATUTE. 28 U.S.C.A. §§ 515(a), 543; FED RULES. CRIM. PROC. RULES

6(d), 543(c), 18 U.S.C.A;


2. THE INFORMATION'S WERE NOT BROUGHT ON BEHALF OF THE UNITED STATES

AND THE INFORMER;


3. THE INFORMATION'S WERE NOT BROUGHT ON BEHALF OF THE UNITED STATES

ALONE;


4. THE ALLEGATIONS OF SAID INDICTMENTS FAIL TO CHARGE THIS DEFENDANT

WITH ANY OFFENSE AGAINST THE LAWS OF THE UNITED STATES;

5. THE ACTS ALLEGED TO HAVE BEEN DONE AND COMMITTED BY THE DEFENDANT ARE NOT WITHIN THE PREVIEW OF ANY SECTIONS OF TITLE 18 U.S.C.A. §§ 1-6005;

6. THERE WAS NO INFORMATION FILED UNDER "OATH OF OFFICE" BY ANY UNITED STATES ATTORNEY;

7. THE AFFIDAVITS ON WHICH THE WARRANT ISSUED HAD NOT BEEN PROPERLY VERIFIED, SO THEREFORE THE ARREST WAS IN VIOLATION OF THE CLAUSE IN THE FOURTH AMENDMENT, WHICH DECLARES THAT 'NO WARRANTS SHALL ISSUE BUT UPON PROBABLE CAUSE, SUPPORTED BY OATH OR AFFIRMATION.';

8. THE ARREST UNDER WARRANT ISSUED ON AFFIDAVITS BY THE STATE GOVERNMENT COUNTY-COURTHOUSE OF RUTHERFORD COUNTY, MURFREESBORO TENNESSEE, WERE IMPROPERLY VERIFIED AND HELD UNCONSTITUTIONAL, AND IN VIOLATION OF U.S.C.A. CONST. AMEND. 4;

9. THERE WAS NO JURISDICTION IN THE STATE, IN THE DISTRICT COURTS, AND THAT RIGHTS GUARANTEED BY THE FOURTH AMENDMENT WERE VIOLATED;

10. THE PARTICULAR FELONY INDICTMENTS AND RETURN, WHICH WERE RETURNED INTO A STATE GOVERNMENT COUNTY-COURTHOUSE, AS OPPOSED TO A UNITED STATES DISTRICT COURT, DID NOT CONTAIN THE AUTHORIZED

SIGNATURE OF AN "ATTORNEY FOR THE GOVERNMENT" OR THE NAME, TITLE
AND SIGNATURE OF THE UNITED STATES ATTORNEY, OR THE APPROVED
AUTHENTICATED SIGNATURE OF THE ATTORNEY GENERAL OF THE UNITED
STATES OF AMERICA, IN WASHINGTON, D.C.

11. THERE WAS NO VALID, OR LAWFUL, OR "LEGAL ARREST AND COMMITMENT
ORDER GIVEN OR MADE BY ANY UNITED STATES MAGISTRATE JUDGE OR ANY
OTHER AUTHORIZED ARTICLE III COURT OFFICIAL, IN VIOLATION OF TITLE 18
U.S.C.A. § 3041;

12. THE STATE GOVERNMENT COUNTY-COURTHOUSE DID NOT HAVE "SUBJECT
MATTER JURISDICTION" OF THE PARTICULAR FELONY CHARGES OR FEDERAL
OFFENSES, WHICH IS A COURTS STATUTORY OR CONSTITUTION POWER TO
ADJUDICATE A CASE. AND A STATE GOVERNMENT COUNTY-COURTHOUSE AND
ITS ADMINISTRATION HEAD CANNOT IMPOSE A SENTENCE FOR AN OFFENSE NOT
CHARGED IN THE INDICTMENT;

13. THE "RACKETEERING ACTIVITIES," WHICH REMAINS IN FULL FORCE AND
EFFECT TO THIS VERY DATE, HAD CLEARLY BEEN IN FORM, SUBSTANCE AND
ORDER, WHICH WERE "PROSECUTED" BY EMPLOYEES IMPERSONATING AN
EXECUTIVE OFFICER OF THE COURT, IN VIOLATION OF (TITLE 18 U.S.C.A. § 912),
AND THAT SUCH ACTIONS HAD SERIOUSLY PREJUDICED THE DEFENDANT, IN

SUCH COURT, TO WHICH SUCH FELONY INDICTMENTS AND RETURN WERE MADE;

14. THESE PARTICULAR "RACKETEERING ACTIVITIES" HAS ALL OF THE SAME ELEMENTS OF A FEDERAL CRIME CALLED---OPERATION "CORKSCREW" WHICH BETWEEN 1977 AND 1982, THE F.B.I. CONDUCTED AN UNDERCOVER INVESTIGATION OF ALLEGED CASE-FIXING IN THE CLEVELAND MUNICIPAL COURT KNOWN AS OPERATION "CORKSCREW";

15. THESE PARTICULAR FELONY CONVICTION RECORDS (TITLE 18 U.S.C.A. §3662 ET SEQ.); AND PROCEEDINGS TO ESTABLISH PRIOR CONVICTION RECORDS (21 U.S.C.A. § 851 ET SEQ.); WERE OBTAINED THROUGH THE USE OF FALSE EVIDENCE, KNOWN TO BE SUCH BY PROSECUTION, WHICH MUST FALL UNDER FOURTEENTH AMENDMENT TO FEDERAL CONSTITUTION, AND RULE APPLIES WHEN PROSECUTION, THROUGH NOT SOLICITING FALSE EVIDENCE WHEN IT APPEARS IN EVIDENCE. IN VIOLATION OF U.S.C.A. CONST. AMEND. 14;

16. -AS FEDERAL OFFENSE

MISPRISION OF A FELONY IS MADE A FEDERAL CRIME BY STATUTE. THE OFFENSE REQUIRES, IN ADDITION TO FAILURE TO DISCLOSE, SOME POSITIVE ACT OF CONCEALMENT, SUCH AS UNTRUTHFUL STATEMENTS, SUPPRESSION OF EVIDENCE, HARBORING OF THE CRIMINAL, INTIMIDATION OF WITNESSES, OR

OTHER POSITIVE ACT DESIGNED TO CONCEAL FROM THE AUTHORITIES THE FACT THAT A CRIME HAS BEEN COMMITTED. IT MUST ORDINARILY APPEAR THAT THE PRINCIPAL COMMITTED AND COMPLETED THE FELONY ALLEGED, THAT THE DEFENDANT HAD FULL KNOWLEDGE OF SUCH FACT, THAT THE DEFENDANT FAILED TO NOTIFY AUTHORITIES, AND THAT HE TOOK AFFIRMATIVE STEPS TO CONCEAL THE CRIME. SEE ALSO 21 AM. JUR. 2D § 35. (TITLE 18 U.S.C.A § 3);

17. THERE WAS NO CHARGING DOCUMENTS, WHICH INCLUDES THE COMPLAINT; THE ARREST WARRANT: THE INDICTMENTS; AND THE INFORMATION, THAT WERE MADE UPON AN "OATH OF OFFICE" OR PENALTIES OF PERJURY, AS SUCH IS REQUIRED BY LAW TO BE A VALID DOCUMENT;

18. THERE WAS NO VALID, OR LAWFUL, OR "LEGAL" "PROBABLE CAUSE", DETERMINATION FOUND OR MADE BY ANY UNITED STATES COMMISSIONER, OR APPOINTED UNITED STATES MAGISTRATE JUDGE OR ANY OTHER AUTHORIZED COURT OR JUDGE WITHIN THE (48) FORTY EIGHT RULE, UPON THE ARREST, AND ARREST WARRANT OF THE ACCUSED;

19. THERE WAS NO VALID, OR LAWFUL, OR "LEGAL" PROBABLE CAUSE DETERMINATION FOUND OR MADE BY AN UNITED STATES OF AMERICA GRAND JURY (PROCEEDINGS), INDICTMENTS AND RETURN, INTO ANY COURT OF LAW OR

RECORD, WHETHER STATE OR FEDERAL, AND UPON WHICH SUCH FELONY

CHARGES, WERE CHARGED, RENDERED, AND "LODGED."

This Court, as required by Law, should grant the demand & award the plaintiff this relief sought, and vacate the "illegal" sentences and convictions on the grounds that there was no jurisdiction to impose a sentence of an offense not charge in the indictment.

Wherefore, for all the reasons stated above, or herein, or throughout, the plaintiff, moves this Honorable Court, for an entry of final judgment and order to vacate the sentences and convictions, and to dismiss the indictments and information, and to expunge all criminal records which were obtain by fraud committed upon the Courts, and to order immediate release from "illegal" custody, and detention, and on the grounds that the State government County-Courthouse was represented at the felony indictment and return, and during the sentencing procedure by a (ADA) Assistant District Attorney of the State of Tennessee, who did not have a license as a felony prosecutor, and who were not properly commissioned by Attorney General as required by Statute. Title 28 U.S.C.A. §§ 515(a), 543; Fed. Rules. Crim. Proc. Rules 6(d), 54(c), Title 18 U.S.C.A.

Date: February 12th, 2022

By: _Javan Zute_

U.S. POSTAGE
$13.30
PRM-LTR
PRML 37128
Dest 37203
Orig 37203
02/14/22
2000058549



CPU

Tamron Kuilan
463316  TCIX (37-18)
1499 Rw Moore Mmmorial Hwy.
Oak, TN 37140

CERTIFIED MAIL

7020 0090 0000 5604 4085

Atto: Civil Paper Clerk of Court
Keith Throckmorton
801 Broadway Room 800
United States Courthouse
Nashville, TN. 37903

RECEIVED
(in Clerk's Office)
FEB 15 2022



# #5 10½ in x 15 in
# 26,7 cm x 38,1 cm

Inside dimensions / Dimensions internes / Dimensiones interiores

Distributed by / Distribué par / Distribuido por:
ShurTech Brands, LLC, Avon, OH 44011
Made in China / Fabriqué à Chine / Hecho en China

1-800-321-0253
DuckBrand.com

