IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JAMARR JUAN KUILAN, #00462346, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 1:22-CV-00010 ) ) JUDGE CAMPBELL |
| JOHN C. ZIMMERMAN, *et al.*, | ) MAGISTRATE JUDGE ) NEWBERN |
| Defendants. | ) ) |

## MEMORANDUM OPINION

Jamarr Juan Kuilan, an inmate of the Turney Center Industrial Complex in Only, Tennessee, has filed a pro se, in forma pauperis complaint under 42 U.S.C. § 1983 and other federal statutes. (Doc. No. 1). Plaintiff also filed a "Plan for Application for Appointment of Counsel" (Doc. No. 6) and a Motion to Appoint Counsel (Doc. No. 7).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id*. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id*. § 1915A(b).

1

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

A court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. ALLEGED FACTS

As best the Court can discern,[1] the complaint alleges that Defendants are engaged in various civil and/or criminal conspiracies; Defendants are committing a number of state and federal crimes; Rutherford County prosecutor John Zimmerman is a "non-public prosecuting attorney" and all convictions he has obtained should be overturned because state court prosecutors cannot indict and try felonies; and Plaintiff was held for more than 48 hours in Rutherford County, Tennessee, without a finding of probable cause.

In addition to money damages, Plaintiff seeks an order of "immediate release" and "discharge of the plaintiff from 'illegal' custody and detention." (Doc. No. 1 at 70). Plaintiff asserts that the Court is "duty bound to rest dismissal of all criminal actions that had been taken against the accused and to order an immediate expungement of all criminal records and all public records that were obtained by way and means of fraud and false statements, deception, collusion and corruption made, from felony complaint to felony imprisonment." (*Id.*)

---

[1] The complaint is 205 pages long with an attached exhibit of 16 pages. The complaint contains long lists of various statutes and constitutional provisions. It is repetitive and difficult to understand.

3

Case 1:22-cv-00010  Document 8  Filed 04/04/22  Page 3 of 11 PageID #: 286

## IV. ANALYSIS

The complaint names 27 Defendants in their individual and official capacities. While the allegations of the complaint are difficult to understand, the Court acknowledges that Plaintiff is proceeding pro se and liberally construes the complaint to assert the following claims.

**A.      Request to Initiate Criminal Prosecutions**

A significant portion of the lengthy complaint is devoted to allegations that Defendants have committed, or are committing, various state and federal crimes. (*See, e.g.*, Doc. No. 1 at 2) ("[S]uch records identified above or herein, contain and include several violations of the Federal Crime Code Section or Statutes . . . ."). However, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Tunne v. U.S. Postal Service*, No. 5:08CV-189-R, 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010) (quoting *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Private citizens have "no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004). "While a citizen may make a complaint regarding suspected criminal conduct to the proper authorities, the choice to bring criminal charges pursuant to Tennessee law is left to the discretion of the appropriate District Attorney General." *Sanford v. Armour*, No. 19-1270-JDT-cgc, 2020 WL 4369452, at *10 (July 30, 2020).

This Court lacks jurisdiction to initiate any investigations of alleged criminal activity upon request of Plaintiff. Any such request will be denied.

**B.      "Only the Federal Government is Authorized to Prosecute Crimes" Claims**

Many allegations in the complaint, particularly those concerning Defendant Zimmerman,[2] rest on a single legal theory: that only the federal government is constitutionally authorized to prosecute felonies. Specifically, the complaint asserts that Plaintiff's state-court conviction is void for the

---

[2] John Zimmerman is a former assistant district attorney for Rutherford County, Tennessee.

following reasons: (1) the state court had no subject matter jurisdiction over his felony prosecution (Doc. No. 1 at 56-58); (2) his indictment was invalid because it was not signed by a United States Attorney or Assistant United States Attorney (*id*. at 54); (3) the criminal complaint was not filed in an appropriate court (*id*. at 66); and (4) the prosecuting attorney was impersonating a federal prosecutor and executive officer of the court (*id*. at 69-70).

Plaintiff's premise fundamentally misapprehends the nature of the criminal justice system in this country. "The Constitution creates a Federal Government of enumerated powers" and a "constitutionally mandated division of authority" under which the powers of state governments are "numerous and indefinite," and those of the federal government are "few and defined." *United States v. Lopez*, 514 U.S. 549, 552 (1995) (quoting James Madison, The Federalist No. 45, pp. 292–93 (C. Rossiter ed. 1961)). The Supreme Court has explained the impact of that system on the power of governments to enact and prosecute criminal offenses:

> In our federal system, the National Government possesses only limited powers; the States and the people retain the remainder. The States have broad authority to enact legislation for the public good—what we have often called a "police power." *United States v. Lopez*, 514 U.S. 549, 567 (1995). The Federal Government, by contrast, has no such authority and "can exercise only the powers granted to it," *McCulloch v. Maryland*, 4 Wheat. 316, 405, 4 L.Ed. 579 (1819), including the power to make "all Laws which shall be necessary and proper for carrying into Execution" the enumerated powers, U.S. Const., Art. I, § 8, cl. 18. For nearly two centuries it has been "clear" that, lacking a police power, "Congress cannot punish felonies generally." *Cohens v. Virginia*, 6 Wheat. 264, 428, 5 L.Ed. 257 (1821). A criminal act committed wholly within a State "cannot be made an offence against the United States, unless it have some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States." *United States v. Fox*, 95 U.S. 670, 672 (1878).

*Bond v. United States*, 572 U.S. 844, 854 (2014). Accordingly, under our federal form of government, "[t]he States possess primary authority for defining and enforcing the criminal law." *Engle v. Isaac*, 456 U.S. 107, 128 (1982). To put it most simply, "our constitutional structure leaves local criminal activity primarily to the States." *Bond*, 572 U.S. at 848.

In keeping with its power and duty under this framework, the Tennessee legislature has defined seven chapters of state criminal offenses, Tenn. Code Ann. §§ 39-11-101 to 39-17-1812, and has vested original jurisdiction in the state's circuit and criminal courts over "all criminal matters not exclusively conferred by law on some other tribunal." Tenn. Code Ann. § 40-1-108.

Tennessee law provides that "[a]ll criminal actions are prosecuted in the name of the state of Tennessee against the party charged with the offense." Tenn. Code Ann. § 40-3-104. And specifically with regard to the judicial district encompassing Rutherford County, the state legislature has established criminal courts, a district attorney general, and ten assistant district attorney general positions for the purpose of enforcing Tennessee's criminal code. Tenn. Code Ann. § 16-2-506(16).

Plaintiff does not allege that he was charged with or convicted of any violation of federal law in this case. His theory that the State of Tennessee lacks the lawful authority to prosecute or convict him for felonies defined by state law is legally frivolous and not worthy of further consideration. All claims related to this theory will be dismissed.[3]

## C. Civil Conspiracy Claims

The complaint alleges that Defendants engaged in a civil conspiracy. But a Section 1983 civil conspiracy by itself does not constitute a separate cause of action. As recently explained by a district court within this circuit:

> "A claim for civil conspiracy under § 1983 exists only where the plaintiff has established a separate and actionable constitutional injury." *Rapp v. Dutcher*, 557 F. App'x 444, 450 (6th Cir. 2014) (citing *Bauss v. Plymouth Twp.*, 233 F. App'x. 490, 500 (6th Cir. 2007)); *see Wiley v. Oberlin Police Dep't*, 330 F. App'x 524, 530 (6th Cir. 2009) ("[Plaintiff] cannot succeed on a conspiracy claim because there was no underlying constitutional violation that injured her."). Having dismissed the individual panel members because [the plaintiff] has not sufficiently alleged that they violated its due process rights, [the plaintiff's] conspiracy claim against them also fails.

---

[3] Plaintiff raised similar claims in his petition for writ of habeas corpus filed in this Court. *See Jamarr Juan Kuilan v. Warden Kevin Myers*, No. 3:20-cv-00466 (M.D. Tenn. filed 6/4/2020) (Richardson, J.). By Memorandum and Order entered on July 6, 2020, the Court found that Mr. Kuilan was not entitled to relief under Section 2254 and dismissed his petition. (No. 3:20-cv-00466, Doc. No. 4).

6

*PB&J Towing Serv., I&II, LLC v. Hines*, No. 2:18-CV-2556, 2020 WL 236745, at *8 (W.D. Tenn. Jan. 15, 2020). The same applies to the instant case; because Plaintiff has failed to state a claim against any Defendant for a violation of his constitutional rights, Plaintiff's Section 1983 civil conspiracy claims against all Defendants also fail.

Alternatively, "[e]ven if there were a 'separate and actionable constitutional injury,' the Court would dismiss the conspiracy claims because Plaintiff has not alleged sufficient facts to support those claims. The Sixth Circuit has defined a civil conspiracy under 42 U.S.C § 1983 as follows:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). Although circumstantial evidence may prove a conspiracy, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Id*. (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). That pleading standard is "relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008). An assertion, unaccompanied by supporting facts, that parties conspired with each other is a legal conclusion that a court need not accept as true. *Id*. at 563-64 (collecting cases). Allegations of "a plan or agreement to violate [the plaintiff's] constitutional rights" is required. *Id*. at 564.

Here, Plaintiff's allegations that Defendants conspired with each other to commit various crimes is entirely devoid of supporting facts and rests on a mistaken understanding of the how American criminal justice system works. The complaint does not sufficiently allege a claim for civil conspiracy. Thus, these claims will be dismissed.

### D. Probable Cause Claims

Next, the complaint alleges that Plaintiff was held for more than 48 hours in Rutherford County, Tennessee, without a finding of probable cause "during the period between January 15, 2015 through the present day." (Doc. No. 1 at 21).

"A person arrested pursuant to a warrant issued by a magistrate on a showing of probable cause is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial." *Baker v. McCollan*, 443 U.S. 137, 143 (1979). In the case of a warrantless arrest, "a policeman's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of crime, and for a brief period of detention to take the administrative steps incident to arrest." *Gerstein v. Pugh*, 420 U.S. 103, 113-14 (1975). Once that suspect is in custody, however, "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." *Id*. at 114. An adversarial hearing is not required, *id*. at 120-21, nor is there a single preferred pretrial procedure, *id*. at 123. Rather, whatever procedure a state adopts, "it must provide a fair and reliable determination of probable cause [to arrest] as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." *Id*. at 125 (footnote omitted). Addressing what "prompt" means in this context, *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), clarified "that a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*." *Id*. at 56.

Here, the complaint acknowledges that Plaintiff was arrested "upon a written piece of 'paper', or 'form', or 'document' that was used by the state government county-courthouse administration head and jurisdiction, and upon which 'document' was used by such purporting to be that of a constitutionally authorized felony arrest warrant or federal arrest warrant, issued and executed by the

8

authority of the city of Murfreesboro, Tennessee . . . ." (Doc. No. 1 at 21). It appears, then, that Plaintiff was arrested pursuant to a warrant and therefore was not "constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial." *Baker*, 443 U.S. 137, 143; *see Cox v. City of Jackson, Tenn.*, 811 F. App'x 284, 286 (6th Cir. 2020).

While Plaintiff alleges that the warrant issued for Plaintiff's arrest was invalid because it was not issued by a federal officer, this allegation tracks Plaintiff's theory that only the federal government can prosecute felonies which, as the Court has explained, is incorrect. In any event, Plaintiff's claim appears to have accrued in 2015 and therefore likely is barred by the applicable statute of limitations for Section 1983 claims. *See Cox*, 811 F. App'x 284, 288 (noting that the statute of limitations for claims brought under Section 1983 is one year in Tennessee). The Court finds that this claim fails to state a claim upon which relief can be granted under Section 1983 and therefore will be dismissed.

### E. *Heck* Claims

Finally, in addition to money damages, Plaintiff seeks "immediate release" and "discharge of the plaintiff from 'illegal' custody and detention." (Doc. No. 1 at 70). But the law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)) (emphasis added). A Section 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under Section 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's

issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). The United States Supreme Court extended *Heck* to bar Section 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Plaintiff's request for release, dismissal of his conviction, and expungement of his criminal record directly challenges his continued confinement. This request is barred by *Heck* and its progeny. Plaintiff's concerns regarding the constitutionality of his continued confinement would be more appropriately brought in a separate petition for writ of habeas corpus, not in a civil rights complaint. These claims will be dismissed without prejudice, should Plaintiff wish to pursue them via the appropriate route.

### V.  MOTION TO APPOINT COUNSEL

Plaintiff seeks the appointment of counsel. (Doc. Nos. 6 and 7). The Supreme Court has held that "an indigent's right to appointed counsel exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

The Court finds that the interests of justice do not require the appointment of counsel at this time because Plaintiff's complaint fails to state any claims upon which relief can be granted. Plaintiff's motions for the appointment of appoint counsel (Doc. Nos. 6 and 7) therefore will be denied.

## VI. CONCLUSION

Having conducted the review required by the PLRA, the Court determines that the complaint fails to state claims upon which relief can be granted under Section 1983. Those claims and Defendants will be dismissed.

This Court lacks jurisdiction to initiate any investigations of alleged criminal activity upon request of Plaintiff. Any such request will be denied. Plaintiff's motions for the appointment of counsel (Doc. Nos. 6 and 7) likewise will be denied.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE